**UNITED STATES of America,
Plaintiff,**

v.

**Randall Lee JARI, Defendant.**

**No. 71–CR–78.**

United States District Court,
W. D. Wisconsin,

Jan. 19, 1973.

See also D.C., 347 F.Supp. 993.

John O. Olson, U. S. Atty., by Eric J. Wahl, Asst. U. S. Atty., Madison, Wis., for plaintiff.

Marc Dorfman, Madison, Wis., for defendant.

OPINION and ORDER

JAMES E. DOYLE, District Judge.

Defendant has been indicted for willfully and knowingly failing to report for induction into the armed forces of the United States, in violation of 50 U.S.C.

App. Sec. 462. Defendant's motions to dismiss the indictment are presently before this court. Defendant contends that he is unable adequately to prepare his defense because certain critical documents (S.S.S. Forms 201 and 261) have been destroyed by the government and because any attempt to reconstruct said documents has been blocked by my order of November 17, 1972, denying defendant access to individual Selective Service System files for other registrants.

Defendant urges that Forms 201 and 261 are critical to possible "order of call defenses": (1) whether the local board called up more men than state headquarters had authorized it to call up; and (2) whether the local board ordered the defendant to report when the quota should have been satisfied by calling up other registrants with certain classifications and random sequence numbers. Because I conclude that this motion to dismiss must be granted on the ground that the defendant is unable to investigate the defense of overcall ((1) *supra*), I need not decide here the validity of the defense relating to the inability of the defendant fully to investigate the validity of the sequence in which registrants are ordered to report ((2) *supra*).

In order to determine whether the number of men called by the local board in the month in question exceeded its authorized maximum quota, defense counsel would ordinarily inspect the Form 201 (a communication from the state headquarters to the local board authorizing the local board to call a specified number of men in the following month) and the Form 261 (a communication from the local board to personnel at the induction center, listing the men "delivered" to the induction center on a given day). If Form 201 and Form 261 have been destroyed, this information can be derived only from a procedure which includes the examination of "cover sheets" of other registrants, which are confidential. United States v. Jari, 71-Cr-78 (opinion and order of September 17, 1972).

I have ruled that the defendant here may not have access to said "cover sheets" of other registrants, 32 C.F.R. § 1606.31 et seq. *Jari, supra,* opinion and order of November 17, 1972. Nonetheless, the government contends that it is sufficient if the defendant is provided with a reconstruction of Form 201 and Form 261, prepared by Selective Service officials at the request of the United States Attorney; that such a reconstruction has been provided here; and that the reconstruction reveals that the local board did not call more than its authorized quota of registrants. I cannot accept this contention: although a presumption of reliability should reasonably attach to Forms 201 and 261 when originally prepared by administrators in the Selective Service System in the usual course of business, a similar presumption cannot attach to a reconstruction of records when the reconstruction is performed by government personnel in connection with the conduct of a specific criminal prosecution. See Bracey v. Herringa, 466 F.2d 702 (7th Cir. 1972). Of course, I reach this as a conclusion of law applicable generally to such situations, and I intend no implication that the particular reconstruction undertaken in this case was inaccurate.

In United States v. McCreery, 71-CR-37 (opinion from the bench April 20, 1972), this court ruled that the defense of overcall is a valid defense; that with respect to the regularity of the order of call procedures the government may rely upon a presumption of regularity but that defendant is entitled to overcome this presumption by showing that the procedure was irregular; and that where Forms 200, 201 and 261 have been destroyed and the government has made no showing that the information contained therein can be obtained from some other existing record, the indictment must be dismissed. *Id.* The same result is required here because defendant's opportunity adequately to prepare his defense is impaired by the unavailability of the documents for inspection by him, whether by reason of destruction, or by

reason of destruction of some records plus confidentiality of other records.

Accordingly, on the basis of the entire record herein and for the reasons stated above, it is hereby ordered, that the indictment herein is dismissed.