**Charles COLEMAN, Plaintiff-Appellant,**

**v.**

**Freddie V. SMITH, Commissioner, Alabama Department of Corrections, J.D. White, Warden, Limestone Correctional Facility, et al., Defendants-Appellees.**

**No. 86–7554.**

United States Court of Appeals, Eleventh Circuit.

Sept. 28, 1987.

Kenneth F. Antley, Atlanta, Ga., for plaintiff-appellant.

Thomas R. Allison, Asst. Atty. Gen., Montgomery, Ala., for defendants-appellees.

Before RONEY, Chief Judge, ANDERSON and EDMONDSON, Circuit Judges.

PER CURIAM:

## I. FACTS

On May 16, 1986, appellant Coleman, an inmate in the Alabama penal system, filed a pro se 42 U.S.C. § 1983 civil rights complaint alleging that he was denied due process of law and equal protection in two prison disciplinary proceedings, one on April 27, 1986, and another on April 29, 1986. He further alleged that he was denied access to legal material. The defendants were ordered by a magistrate to file a special report responding to Coleman's allegations rather than an answer. The defendants had the option of accompanying this report with affidavits so that the district court would be able if it wished to consider the report as a motion for summary judgment. The magistrate's order further stated that the plaintiff should file counter-affidavits if he wanted to rebut the defendants' claims in their special report.

On July 2, 1986, defendants filed a special report in which they responded to Coleman's allegations only with respect to one of the two disciplinary hearings at issue. Nowhere in the report did defendants make any reference to Coleman's allegations of irregularities at the April 27, 1986 disciplinary hearing. Attached to the report submitted by defendants were several short affidavits swearing that prison regulations had been followed at the disciplinary hearing and concluding that Coleman's due process rights had not been violated.

On July 9, 1986, Coleman filed an answer to defendants' special report which essentially restated the original complaint. Coleman further emphasized in his answer that he was alleging due process violations at

*two* disciplinary hearings and that defendants did not address his allegations with respect to the first of these hearings. Along with his answer, Coleman filed a document which he delineated as an "Affidavit." This "Affidavit" was not notarized, but had a notation by Coleman in the bottom left corner saying that a notary was unavailable to him in disciplinary segregation. The "Affidavit" contained further allegations about the denial of due process and about an intimate relationship involving a member of one of the disciplinary committees, which Coleman insinuated affected the impartiality of the committee.

On July 15, 1986, the magistrate entered a recommendation that the defendants be granted summary judgment, noting that Coleman had merely repeated his allegations in response to the defendants' special report. The magistrate's report notified the plaintiff that the defendants' motion for summary judgment would be presented to the district court for final ruling on August 1, 1986, and that any objection to the magistrate's recommendation needed to be made in writing within ten days.

Coleman filed an objection to the magistrate's report on July 24, 1986. In his objection, Coleman stated that he had filed counter-affidavits to rebut the defendants' assertions as the magistrate had ordered.

The district judge entered his decision on August 5, 1986, granting defendants summary judgment on all claims. The judge held that Coleman had failed to produce affidavits sufficient to respond to defendants' affidavits and had merely rested on his pleadings. Coleman appealed to this court and counsel was appointed for him.

## II. DISCUSSION

■ The primary issue we must examine is whether Coleman received adequate notice of a summary judgment motion under Fed.R.Civ.P. 56(c). This court, in *Griffith v. Wainwright,* 772 F.2d 822, 825 (11th Cir.1985), has clearly set forth exactly what notice is required prior to the granting of summary judgment. *See also Moore v. Florida,* 703 F.2d 516, 519–21 (11th Cir. 1983); *Herron v. Beck,* 693 F.2d 125, 127

(11th Cir.1982). At a minimum, it is required that:

> [A]n adverse party must be given express, ten-day notice of the summary judgment rules, of his right to file affidavits or other material in opposition to the motion, and of the consequences of default. . . .

We have also recognized the especial care which must be exercised when an action is brought alleging denial of basic constitutional liberties by an indigent prisoner lacking formal legal training. *Griffith,* 772 F.2d at 825.

The first notice received by Coleman informed him of his right to file counter-affidavits in response to the defendants' special report, and expressly gave him twenty days to do so. Thus, the first two requirements of *Griffith* are clearly satisfied. The issue in this case is whether the third requirement—notice of the consequences of default—has been satisfied. Unfortunately, *Griffith* does not provide further definition of the "consequences" requirement.

The first notice to Coleman also told him that the defendants' report might be treated as a motion for summary judgment and that counter-affidavits were necessary to rebut the matters presented by the defendants. The second notice stated that "defendants' motion for summary judgment will be presented to the district court for final ruling," and that any affidavits submitted after a certain date (which was more than ten days hence) would not be considered.

Though the notice provided Coleman certainly could have been more explicit, the clear implication of telling the plaintiff that he must "rebut" statements of the defendant and that the district court would give a "final ruling" as to summary judgment is that the defendants' report might be accepted as the truth and that the ruling would be "final," unless plaintiff responded. Coleman obviously understood the need to file counter-affidavits in response to the special report, since he did in fact do so. While it might have been preferable to

spell out explicitly the consequence that summary judgment entails final judgment without a full trial or any further proceedings, we are satisfied that this was adequately conveyed by the language: "Defendants' motion for summary judgment will be presented to the district court for *final ruling.*" (Emphasis added). Therefore, we conclude that the notice in this case was sufficient to inform the plaintiff of the "consequences of default."

■ Since Coleman received adequate notice of the summary judgment motion, we turn now to an examination of whether summary judgment was properly granted. Summary judgment is proper if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Warrior Tombigbee Transportation Co. v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir.1983). The evidence and all factual inferences therefrom must be viewed in the light most favorable to the party opposing the motion. *Id.* at 1296. "The party adverse to the movant for summary judgment cannot rest on his pleadings to present an issue of fact [but must] respond with affidavits, depositions, or otherwise, in order to reflect that there are material facts which must be presented to a jury for resolution." *Van T. Junkins & Assoc. v. U.S. Industries, Inc.,* 736 F.2d 656, 658 (11th Cir.1984).

Coleman's allegations in his complaints were that he was denied due process at two disciplinary hearings, one on April 27, 1986, and another on April 29, 1986. With respect to the latter disciplinary hearing, the undisputed evidence submitted prior to the granting of summary judgment established that Coleman was given notice, and that he was afforded the opportunity to present evidence and witnesses but that he desired no witnesses. The record also reflects that Coleman was given a written statement on May 2, 1986, which detailed the reasons for the April 29 disciplinary action and the evidence relied on by the disciplinary committee in reaching its decision. These facts satisfy the requirements of due process as set out in *Wolff v. McDonnell,* 418 U.S. 539, 564–66, 94 S.Ct. 2963, 2978–80, 41 L.Ed.2d 935 (1974). *See also Superintendent v. Hill,* 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985).[1] On these undisputed facts, the district court correctly determined that the defendants were entitled to judgment as a matter of law.

■ However, summary judgment was improperly granted with respect to Coleman's allegations about the April 27, 1986 hearing. The defendants did not address Coleman's allegations in the special report they filed or in the accompanying affidavits. Since there was no denial of these allegations, it was inappropriate for the district judge to grant summary judgment to the defendants. We remand to the district court for a reconsideration of this aspect of Coleman's claim.

■ Coleman further alleged in this complaint that he was denied access to legal materials while in disciplinary segregation. However, it is undisputed that Coleman was furnished paper and pen and was given limited legal resources. Furthermore, he was allowed to mail his papers to court. Thus, we agree with the district court that there is no issue of material fact which would preclude the entry of summary judgment with regard to this claim of access to the courts.

AFFIRMED IN PART, VACATED IN PART AND REMANDED.

---

1. Coleman's claim that one committee member lacked impartiality is without merit and warrants no discussion. The facts alleged do not create a genuine issue of fact implicating the impartiality of the committee.