**Vincent HARRIS, Plaintiff,**

**v.**

**Richard DUGGER, et al., Defendants.**

**No. 87–8874–CIV–JAG.**

United States District Court, S.D. Florida, Fort Lauderdale Division.

June 27, 1989.

———

Vincent Harris, Indian Town, Fla., pro se.

Desmond V. Tobias, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for defendants.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE is before the court upon the defendants' motion for summary judgment and the Report and Recommendation of U.S. Magistrate Lurana Snow.

This is an action brought under 42 U.S.C. § 1983 by a prison inmate. The complaint alleges that the inmate was punished with restrictive confinement and loss of gain time for his religious beliefs. The plaintiff claims to be a Rastafarian and also contends that a tenet of his religion requires him to wear his hair in the form of dreadlocks.

The prisoner's complaint raises two challenges to the defendants' actions. First, the plaintiff contends that the defendants' conduct violated his rights to due process of law. Second, the complaint alleges that the defendants unlawfully violated the plaintiff's right to the free exercise of his religion as protected by the First Amendment.

■ The plaintiff, Harris, was placed in administrative and disciplinary confinement and lost gain time for refusing to get his hair cut in accordance with either the prison's regulations or policy.

When a prisoner is moved to a more restrictive form of incarceration, there is a protected liberty interest at stake. *Adams v. Brierton*, 752 F.2d 546, 547–48 (11th Cir.1985).

Because there is a constitutionally protected interest at issue, the next inquiry is to determine what process is due upon deprivation of that right. In *Hewitt v. Helms*, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983), the Supreme Court applied the test enunciated in *Matthews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), to determine what process was due. The test involves an evaluation of the following factors: (1) the nature of the liberty interest at stake, (2) the government's interest at stake, and (3) the value of adding procedural requirements to protect the plaintiff's interest. 459 U.S. at 472–75, 103 S.Ct. at 871–73. Based on the consideration of these factors, an inmate moved to administrative confinement is entitled to an "informal, nonadversarial evidentiary review." 459 U.S. at 476, 103 S.Ct. at 874. This review consists of some notice of the charges against him, the opportunity to present his views, and a review by a decisionmaker of both the charges and the evidence. *Also see Hughes v. Rowe*, 449 U.S. 5, 11, 101 S.Ct. 173, 177, 66 L.Ed.2d 163 (1980) ("segregation of a prisoner without a prior hearing may violate due process if the postponement of procedural protections is not justified by apprehended emergency conditions.").

The defendants have moved for summary judgment. The Report of the Magistrate only focuses on the issue of whether the defendants violated the regulation governing administrative confinement. *See* Magistrate's Report and Recommendation at 4. However, the complaint also involves a due process challenge to the defendants' conduct. The Magistrate's statement on page 4 of her Report that "the plaintiff does not dispute the validity of the haircut regulation" is inconsistent with her realization on page 9 that "[t]he plaintiff also seems to challenge the constitutionality of his confinement." The Magistrate notes that the prisoner received many post-deprivation procedural protections. *See* Report at 9. However, the Supreme Court has indicated that the timing of the procedures is also important. In some cases, absent exigent circumstances, a post-deprivation formal hearing may not substitute for pre-deprivation informal procedures.

The defendants have moved for summary judgment on the ground that they did tell Harris of the reason for his administrative segregation and gave him an opportunity to respond. They support their allegations with an affidavit and copies of incident reports. The plaintiff opposes this allegation by stating that he was not, in fact, told of the charges or given a chance to explain his reasons for not getting his hair cut. He also states that this disregard of procedure is the usual practice of the defendant prison officials.

There is a genuine issue of material fact; namely, whether the plaintiff was told of the charges against him and whether he was given a chance to orally respond to them. The officer's affidavit is self-serving. Moreover, the incident reports should not be treated with the same degree and given the same evidentiary weight as other documents. *See Bracey v. Herringa*, 466 F.2d 702 (7th Cir.1972) (courts should not rely on prison records for granting Rule 56 motions when incident at issue involves solitary confinement of prisoner with no other inmate witnesses available because said records are often prepared with litigation in mind).

The factual issue involves a question of credibility. If the plaintiff was not given his constitutionally protected rights, he is entitled to a hearing. Furthermore, if the administration's practice at the prison is to systematically deprive inmates of these liberties, judicial action is required.

■ Aside from the due process concerns, the plaintiff's complaint also raises an issue of his First Amendment right to

freely exercise his religion as a Rastafarian.

Arguably, the complaint involves this issue. The plaintiff is proceeding pro se. It was the defendants' who filed the motion for summary judgment based solely on the issue of their compliance with the regulation. In responding to the motion, the plaintiff likely believed that he was only forced to oppose the defendants' arguments without a need to also reallege his allegations in the complaint. The defendants' motion does not address the possible First Amendment issues in this case. At the very least, the plaintiff should be asked whether he is challenging the defendants' action on religious grounds.

The Eleventh Circuit has addressed the issue of whether a prison regulation requiring haircuts may violate an inmate's religious rights. While the court has generally upheld the actions of the prison authorities, it has required that the plaintiff receive a hearing.

In *Shabazz v. Barnauskas* (Shabazz II), 790 F.2d 1536 (11th Cir.1986), a Muslim inmate challenged the prison's shaving regulations as violative of his First Amendment right to the free exercise of his religion. In applying their earlier enunciated test from *Bradbury v. Wainwright*, 718 F.2d 1538 (11th Cir.1983), the court stated the following inquiry in such situations:

First, the prison regulation must further a substantial government interest. A regulation will be taken to further such an interest if it is rationally related to it. Second, a regulation's restriction on ... [a fundamental right] must be no greater than necessary to protect the governmental interest involved. This two-part standard should be applied with a wide-ranging deference to the expert judgment of prison administrators. 790 F.2d at 1539, (citing *Bradbury*, 718 F.2d 1538, 1543 (11th Cir.1983)).

In applying this test, this Circuit has taken a strong position in allowing the prisoner to have a judicial hearing. In *Shabazz v. Barnauskas* (Shabazz I), 598 F.2d 345 (5th Cir.1979), the court reviewed the decision of Judge Carr of the Middle District of Florida. He dismissed the case without hearing. 598 F.2d at 346. In vacating Judge Carr's decision and remanding for additional findings, the court made the following instructions:

We hold that the court should not have dismissed plaintiff's First Amendment claim without a hearing inquiring into plaintiff's alleged sincerely held religious beliefs and into the state's justifications for its regulation.

The uncertain nature of this jurisprudence ... requires hearing and consideration on a record that will assist the district court and this court if there is an appeal ... 598 F.2d at 347 (later, noting statement of Justices Blackmun and Brennan in a dissenting opinion to a denial of certiorari in *Goulden v. Oliver*, [442] U.S. [922] [, 99 S.Ct. 2848, 61 L.Ed. 2d 290] (1979); 25 Cr.L. 4083 (June 6, 1979); *also see* a similiar concern voiced by Justices Douglas and Marshall in another dissenting opinion to a denial of certiorari in *New Rider v. Board of Education of Independent School District No. 1*, 414 U.S. 1097 [, 94 S.Ct. 733, 38 L.Ed.2d 556] (1973), reh'g denied, 415 U.S. 939 [94 S.Ct. 1456, 39 L.Ed.2d 497] (1974).

The problem with the Magistrate's recommendation at this point in the case is that there is not a complete record to review the plaintiff's First Amendment claim. Because of the important state interests at issue, the defendants will likely prevail on this claim. *See Brightly v. Wainwright*, 814 F.2d 612 (11th Cir.1987) (affirmed dismissal after finding important state interest in shaving and haircut regulations; namely, to prevent inmate escapes and to aid recapture); *Maimon v. Wainwright*, 792 F.2d 133 (11th Cir.1986) (affirmed dismissal of case because practice of taking continuing number of inmate photographs to allow for change in hair length was not less restrictive option); *Shabazz II*, 790 F.2d 1536 (11th Cir.1986) (same); *also see Brown v. Wainwright*, 419 F.2d 1376 (5th Cir.1970) (affirming dismissal of action); *Brooks v. Wainwright*, 428 F.2d 652 (5th Cir.1970) (same).

Therefore, this cause must be remanded to the Magistrate for the following findings of fact:

(1) the sincerity of the plaintiff's faith as a Rastafarian, including consideration of the factors stated in *Reed v. Faulkner*, 653 F.Supp. 965, 971–72 (N.D.Ind.1987).

(2) whether Rastafarianism is an established religion recognized by the First Amendment. *See Reed*, 653 F.Supp. at 968–71 and Appendix A at 973–74.

(3) whether the Rastafarian "religion" requires the wearing of dreadlocks as a mandatory tenet of faith. *See Robinson v. Foti*, 527 F.Supp. 1111, 1113 (E.D.La.1981).

(4) what are the government interests underlying the prison regulations and the policy regarding haircuts.

(5) the availability, if any, of less restrictive alternatives to accomodate plaintiff's dreadlocks while furthering the state interests.

(6) whether the plaintiff's rights to due process and the free exercise of his religion were clearly established for purposes of determining the defendant's claim of qualified immunity.

Finally, the Magistrate may wish to consider the Supreme Court's recent decision in *Thornburgh v. Jack Abott*, —— U.S. ——, 109 S.Ct. 1874, 104 L.Ed.2d 459 (May 16, 1989), to determine the scope of a prisoner's First Amendment rights while incarcerated.

Having considered the above matters, and the record in this cause, it is hereby

ORDERED AND ADJUDGED that this cause shall be REFERRED back to U.S. Magistrate Lurana S. Snow. The Magistrate shall conduct any appropriate proceedings to make the findings of fact specified above. If the findings require that this case proceed further, the Magistrate shall conduct all proceedings until the case is ready for trial or other pretrial disposition. Thereafter, the Magistrate should make a second Report and Recommendation as to the appropriate disposition of this case.

DONE AND ORDERED.