Vincent **HARRIS**, Plaintiff,

v.

Richard L. **DUGGER**, et al., Defendants.

No. 87–8874–CIV.

United States District Court, S.D. Florida.

Jan. 2, 1991.

Vincent Harris, pro se.

Susan A. Maher, Asst. Atty. Gen., Tallahassee, Fla., for defendants.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE came before the Court upon the Report and Recommendation of the Honorable Lurana S. Snow, United States Magistrate, dated July 26, 1990. The plaintiff has filed objections to the Report and the matter is now ripe for disposition. The defendants' Motion For Reconsideration or For Clarification also is pending before the Court.

### I. Summary

This is a *pro se* § 1983 action by a prison inmate against various state corrections officers.[1] The plaintiff claims to be a Rastafarian and contends that a tenet of his religion requires him to grow his hair without cutting. His complaint alleges that he was punished with restrictive confinement and loss of gain time because of his refusal to cut his hair.

The plaintiff's complaint, liberally construed, raises two challenges to the defendants' conduct. Initially, the plaintiff claims he was subjected to administrative confinement when he refused to cut his hair in conformity with Florida Admin. Code § 33–3.002(11).[2] The plaintiff's com-

---

**1.** The complaint charged Officer Nappi, Supervisor Slater, and Superintendent Lambdin, all of Glades Correctional Institute, and Secretary Dugger.

**2.** Upon release from administrative confinement, the plaintiff again refused to cut his hair, leading to another period of administrative confinement.

plaint alleges that the defendants placed him in administrative confinement without the requisite due process, ostensibly a pre-confinement hearing. The *pro se* complaint, liberally construed, also alleges that the defendants unlawfully violated the plaintiff's right to the free exercise of his religion in violation of the first amendment when they required him to cut his hair in compliance with Fla.Admin.Code § 33–3.002(11).

The defendants filed a motion for summary judgment on August 9, 1988. After referral, Judge Snow submitted her first Report and Recommendation which addressed only the due process claims. The Court, concerned that the magistrate may have read the *pro se* complaint too narrowly, referred the issue back to the magistrate for consideration of the first amendment claims, as well as the issue of the defendants' qualified immunity.

## II. Report & Recommendation

After reconsideration, Judge Snow has submitted another Report and Recommendation. In her extensive, twenty-one page report Judge Snow recommends that the Court grant the defendants' motion for summary judgment on any first amendment claim raised in the complaint. Additionally, she recommends that the Court grant the defendants' motion for summary judgment based on their possessing qualified immunity. The *pro se* plaintiff has submitted general objections, none of which are of any substance.

### A. *Summary Judgment Standard*

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden of establishing that there is no genuine issue of material fact lies upon the moving party and it is a stringent one. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548,

2553, 91 L.Ed.2d 265 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986), and any doubt as to the existence of a genuine issue for trial should be resolved against the moving party, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2553. To discharge this burden the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp.*, 477 U.S. at 325, 106 S.Ct. at 2554.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). According to the plain language of Fed.R.Civ.P. 56(e), the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

Essentially, the nonmoving party, so long as that party has had an ample opportunity to conduct discovery, must come forward with affirmative evidence to support its claim. *Anderson*, 477 U.S. at 257, 106 S.Ct. at 2514. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir.1990).[3] If, after

---

**3.** The standard for granting summary judgment mirrors the standard for directing a verdict under Fed.R.Civ.P. 50(a). *Anderson v. Liberty Lob-* *by, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

the movant makes its showing, the non-moving party brings forth evidence in support of its position on an issue for which it bears the burden of proof at trial that "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2511.

### B. *Free Exercise Claim*

■ The magistrate has recommended that the Court grant the defendants summary judgment on any free exercise claim which may be alleged in the plaintiff's complaint. It is the Court's opinion that the magistrate's finding is correct.

First, the Court finds that Judge Snow correctly concluded that there are no material facts in dispute. The plaintiff is an inmate in a Florida prison. As a consequence of his incarceration he is subject to Department of Corrections rule 33-3.-002(11) which requires that he have his hair cut short at all times. The plaintiff has refused to cut his hair, alleging a religious right to uncut hair. Clearly, the facts relevant to any free exercise claim are undisputed.

Further, the magistrate's conclusion that the defendants are entitled to a judgment as a matter of law appears correct. Repeatedly, the Eleventh Circuit has held that the hair length regulation at issue here does not violate the first amendment's free exercise clause because it is the least restrictive means of advancing the substantial governmental interest in preventing prison escape. *See Brightly v. Wainwright,* 814 F.2d 612 (11th Cir.1987); *Maimon v. Wainwright,* 792 F.2d 133 (11th Cir.1986); *Martinelli v. Dugger,* 817 F.2d 1499 (11th Cir.1987). In each of these cases the Eleventh Circuit rejected a challenge to Florida's hair length regulation, irrespective of the fact that the plaintiff had a sincere religious belief which he claimed prevented him from cutting his hair. Consequently, it appears that the Eleventh Circuit decisions indicate that the

defendants are entitled to a judgment as a matter of law.

Because there are no genuine issues of material fact and the defendants are entitled to a judgment as a matter of law, the Court will adopt the magistrate's recommendation and grant the defendants' motion for summary judgment on any free exercise claim alleged in the plaintiff's complaint.

### C. *Qualified Immunity*

■ The Court next must consider the magistrate's recommendation on the defendants' claim of qualified immunity. Public officials whose positions entail the exercise of discretion enjoy qualified immunity from personal liability in section 1983 actions. *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Zeigler v. Jackson,* 716 F.2d 847 (11th Cir.1983). Judge Snow has recommended that the Court grant the defendants' motion for summary judgment based on their qualified immunity under *Harlow.*[4]

#### 1. Qualified Immunity Standard

■ In *Zeigler,* the Eleventh Circuit announced a two-step framework for considering the propriety of a public official's qualified immunity claim. First, the defendant public official must prove "he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred."

Once the official proves he was acting within the scope of his authority, the burden then shifts to the plaintiff to show a lack of good faith on the part of the defendant. The plaintiff establishes a lack of good faith by demonstrating that the public official's actions *"violated clearly established constitutional law."* *Rich v. Dollar,* 841 F.2d 1558 (11th Cir.1988).

■ A determination of whether an official violated clearly established law itself requires the Court to make two inquiries. First, the Court must ascertain the law that was "clearly established." Second,

---

**4.** The summary judgment standard explicated above applies when a party moves for summary judgment on an affirmative defense. *See Thor-*

*steinsson v. M/V Drangur,* 891 F.2d 1547 (11th Cir.1990).

the Court must determine whether a genuine issue of material fact exists as to whether the defendant engaged in conduct violative of that "clearly established" law. *Rich,* 841 F.2d at 1564–65.

### 2. Qualified Immunity On Free Exercise Claim

Judge Snow's assessment of the defendants' qualified immunity on the free exercise claim appears to be correct. Consequently, the Court will adopt the Magistrate's analysis and recommendation on this issue.

### 3. Qualified Immunity On Due Process Claim

■ Next, the Court will consider the defendants' defense of qualified immunity on the due process claim. The Court initially notes its agreement with Judge Snow's conclusion that the defendants were acting in their official capacity when they engaged in all conduct relevant to this lawsuit.

Judge Snow also found that the law with respect to the amount of process that is to be afforded to a Florida prisoner prior to administrative confinement is clearly established. The Court need not consider this issue, however, because even if it is clearly established that the defendants were constitutionally obligated to provide the amount of process required by Rule 33–3.0081, there is no genuine issue of material fact which would preclude the Court from finding as a matter of law that the defendants complied with the administrative rule.[5]

The plaintiff essentially claims that he was placed in administrative confinement for refusing to cut his hair. He alleges that this was done without affording him the hearing, the notification, and the opportunity to be heard which are required by

Fla.Admin.Code § 33–3.0081(4)(a) and the fourteenth amendment. The defendants moved for summary judgment, including with their motion affidavits and the prison's copies of the disciplinary and administrative confinement reports. The defendants' records and affidavits indicated that the defendants had complied with the procedural requirements of rule 33–3.0081 by informing the plaintiff of the reason for his administrative segregation and giving him an opportunity to respond.

Judge Snow then sent the plaintiff a notice which told him that he must respond with evidence, such as affidavits, or the defendants' evidence would be taken as true. The notice also stated that the case would be resolved against the plaintiff without trial if the plaintiff did not provide an affidavit or other verified evidence. In contravention of the magistrate's warning, the plaintiff opposed the defendants' allegations merely by stating, without affidavit, that he was not told of the charges or given an opportunity to explain his reasons for not cutting his hair.

In reviewing Judge Snow's original Report and Recommendation, the Court determined that a genuine issue of material fact existed with respect to the defendants' compliance with the administrative rule. *See* 715 F.Supp. 364, Order of June 27, 1989 at 4. The Court essentially found that the plaintiff's unsupported statement that he was never provided with a hearing or an opportunity to be heard was sufficient to demonstrate the existence of a factual issue, notwithstanding the defendants' submission of prison records which showed otherwise. The Court cited *Bracey v. Herringa,* 466 F.2d 702 (7th Cir.1972), for the proposition that courts should not rely on prison records as a basis for granting Rule 56 motions.

---

**5.** After the former Fifth Circuit in *Parker v. Cook,* 642 F.2d 865 (5th Cir.1981), found Florida's process of subjecting an inmate to administrative confinement to be constitutionally deficient, the State of Florida changed its rule on administrative confinement to comply with the court's decision and the dictates of the fourteenth amendment. The present rule appears consonant with the fourteenth amendment's procedural due process protections because it requires an informal hearing prior to placement in administrative confinement. *See Hewitt v. Helms,* 459 U.S. 460, 472, 103 S.Ct. 864, 872, 74 L.Ed.2d 675 (1983) (noting that prison officials are "obligated to engage only in an informal, nonadversary review of the information supporting [the inmate's] administrative confinement, including whatever statement [the inmate] wished to submit, within a reasonable time after confining him to administrative confinement.").

The Court's earlier finding that a genuine issue of material fact exists as to the defendants' compliance with rule 33–3.0081 is the only impediment that exists to the Court adopting Judge Snow's recommendation. As noted above, this Court concluded in its order dated June 27, 1989, that a genuine issue of fact remained as to the defendants' compliance with the rule because the plaintiff, notwithstanding the defendants' documentation which indicated to the contrary, stated that he was not given a hearing. If this conclusion is reaffirmed, summary judgment on the ground of qualified immunity would be improper.

In the time since the Court entered its 1989 order, the defendants have moved the Court to reconsider its conclusion on this point. Additionally, Judge Snow in her Report and Recommendation "urges the Court to reconsider its prior holding and to find no issue of material facts regarding the defendants' compliance with Rule 33–3.-0081." *See* Report and Recommendation at 17.

It appears to the Court that reconsideration of the finding is warranted. The plaintiff has not come forward with any evidence to support his allegation of noncompliance, while the defendants have come forward with affidavits and records to establish compliance. Simply framed, the issue becomes whether the Court will allow *pro se* prisoner plaintiffs to oppose supported motions for summary judgment simply with their unsupported allegations. In essence, the Court must consider whether there will be an exception to the requirement in Rule 56(e) for *pro se* prisoners.

The Court originally relied on the Seventh Circuit *Bracey* case for its conclusion that despite the plaintiff's inability to produce evidence of noncompliance, other than his own naked allegation that the defendants did not comply, summary judgment was not appropriate when based on prison records. *Bracey* is the law in the Seventh Circuit. However, the Eleventh Circuit, as Judge Snow exhaustively pointed out, has never adopted *Bracey* and, in fact, seems to take a different position.

In *Coleman v. Smith*, 828 F.2d 714 (11th Cir.1987), the Eleventh Circuit considered an issue very similar to the one the defendant has asked the Court to reconsider. In *Coleman*, the plaintiff, an Alabama inmate, filed a *pro se* § 1983 action alleging that he was denied due process and equal protection in two prison disciplinary proceedings. At the request of the magistrate, the defendants responded to the allegations with a special report, to which the defendants attached several short affidavits swearing that prison regulations had been followed at the disciplinary hearing.

The court notified the plaintiff that the defendants' report would be considered as a motion for summary judgment and that the plaintiff must submit affidavits or other evidence to avoid having judgment entered against him. The plaintiff answered the special report by essentially restating the allegations of the original complaint. The district court granted the defendants summary judgment on the ground that the *pro se* plaintiff had failed to produce affidavits sufficient to respond to the defendants' affidavits and merely had rested on his pleadings.

The Eleventh Circuit affirmed the district court's grant of summary judgment with respect to one of the two incidents.[6] In affirming, the Eleventh Circuit apparently treated the *pro se* plaintiff the same as any other plaintiff in requiring the *pro se* plaintiff, when responding to a supported summary judgment motion, to go beyond his pleadings and demonstrate that a genuine issue of material fact exists. Significantly, the Court affirmed the judgment for the defendants based on the defendants' evidence which the court had characterized as "several short affidavits swearing that prison regulations had been followed at the disciplinary hearing...." *Id.* at 715.

Based on *Coleman*, it appears that the Eleventh Circuit would find the defendants' submission sufficient to shift the burden on

---

**6.** With respect to a second incident, the Eleventh Circuit found that the district court improperly entered summary judgment because the defendants had not addressed the plaintiff's claim with respect to that incident in the special report or the affidavits.

to the plaintiff to go beyond his pleadings and demonstrate the existence of a material fact. In contrast to *Bracey*, *Coleman* seems to indicate that the Eleventh Circuit does not find prison records and affidavits of prison officials inherently unreliable.

Furthermore, certain policy considerations seem to militate against the Eleventh Circuit adopting the rule announced in *Bracey*. For instance, were the Eleventh Circuit to countenance the denial of a summary judgment in circumstances such as are presented here, that court essentially would be saying that all a *pro se* prisoner must do to avoid summary judgment is reallege his allegations from the complaint and make an unsupported assertion that the defendants' evidence is not worthy of credence. It seems that the effect of such a rule would be to prevent the district courts, in a circuit which is flooded with *pro se* prisoner suits, from dismissing meritless *pro se* prisoner claims on summary judgment because genuine issues of material fact always will remain.

To be sure, there are practical considerations which militate in favor of providing *pro se* prisoner plaintiffs with leeway when they respond to a supported motion for summary judgment. Obviously a prisoner's predicament hinders his or her ability to gather evidence. However, in this case the plaintiff failed to produce so much as his own affidavit despite the magistrate's clear admonition that he must.

After great deliberation, the Court has decided to follow Judge Snow's recommendation and reconsider its previous reliance on *Bracey*. Moreover, the defendant's motion for reconsideration will be granted. Upon reconsideration, the Court will adopt Judge Snow's recommendation to follow *Coleman* and rule that the plaintiff's unsupported allegation is insufficient to demonstrate the existence of a genuine issue of material fact as to compliance with Rule 33-3.0081. Accordingly, that portion of this Court's order dated June 27, 1989, which relied on *Bracey v. Herringa*, 466 F.2d 702 (7th Cir.1972) is vacated. There being no genuine issue of material fact as to the defendants' compliance with the administrative rule, the Court will adopt Judge Snow's recommendation and grant the defendants' motion for summary judgment on the due process claim on the ground that the defendants possessed qualified immunity from suit.

Having reviewed, *de novo*, the Magistrate's report of July 26, 1990, the plaintiff's objections to that report, the defendants' Motion For Reconsideration or Clarification, and the record, and being otherwise duly advised, it is hereby:

ORDERED and ADJUDGED as follows:

(1) The defendants' Motion For Reconsideration or Clarification is GRANTED. Upon reconsideration, that portion of this Court's order dated June 27, 1989, which relied on *Bracey v. Herringa*, 466 F.2d 702 (7th Cir.1972), to support the conclusion that genuine issues of material fact remained is VACATED and SET ASIDE.

(2) The above-mentioned order of the Magistrate is RATIFIED, AFFIRMED, and in all respects made the Order of the District Court. The defendants' Motion For Summary Judgment is GRANTED on all claims of the plaintiff's complaint. The defendants shall submit a final judgment for entry in this cause within 15 calendar days from the date of this order.

DONE AND ORDERED.