951 F.2d 358
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roger Lee BAKER; Edna Ila Baker, Plaintiffs-Appellants,
v.
Gregory MILNES; Brent E. Curtis; Steven Ceccanti,
Defendants-Appellees.
 No. 90-35787.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 3, 1991.*
Decided Dec. 16, 1991.
 
 Before EUGENE A. WRIGHT, DAVID R. THOMPSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 The United States District Court for the District of Oregon dismissed appellants' pro se complaint for lack of subject matter jurisdiction. It concluded that the appellees' motion for summary judgment would have been granted, however, had jurisdiction existed. The court also imposed sanctions against the appellants, Roger Lee Baker and Edna Ila Baker, under Federal Rule of Civil Procedure 11. The Bakers appeal. We affirm and impose sanctions against them under Fed.R.App.P. 38 for a frivolous appeal.
 
 DISCUSSION
 
 3
 The Bakers argue that (1) the Washington County Department of Land Use and Development denied them due process of law and authorized a taking of their rights in an easement by failing to enforce certain land use regulations ("land use claim"); and (2) the appellees[1] conspired to deny them: (a) a fair trial, (b) access to the courts, (c) equal protection, and (d) due process ("section 1983 claims"). They also challenge the district court order imposing Rule 11 sanctions.
 
 A. Jurisdiction
 
 4
 The district court dismissed the Bakers' claims for lack of subject matter jurisdiction. We review that decision de novo. Elks Nat'l Foundation v. Weber, 942 F.2d 1480, 1483 (9th Cir. Aug. 29, 1991). While we agree that the district court lacked jurisdiction over the Bakers' land use claim, we conclude that jurisdiction existed over their section 1983 claims.[2]
 
 
 5
 1. Jurisdiction Over The Bakers' Land Use Claim
 
 
 6
 "[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983). Feldman essentially calls for the application of a res judicata analysis to the issues raised in a federal action. Elks, 942 F.2d at 1484 (citing Robinson v. Ariyoshi, 753 F.2d 1468, 1472 (9th Cir.1985), vacated, 477 U.S. 902 (1986)). If after allowing a plaintiff a full and fair opportunity to present his case, an issue is considered and decided by a state court, federal review will be barred as "an impermissible 'appeal' from the state decision." Robinson, 477 F.2d at 1472.[3]
 
 
 7
 In their state court proceeding, the Bakers claimed that Ceccanti and the Belands violated certain county land use regulations. The state court found that no violation occurred and dismissed the action. Because the central issue in this claim, whether the county land use regulations were violated, has already been decided by a state court, federal review is precluded by Feldman and its progeny.
 
 
 8
 2. Jurisdiction Over The Bakers' Section 1983 Claims
 
 
 9
 The district court also dismissed the Bakers' section 1983 claims for lack of jurisdiction because they failed to exhaust their state administrative remedies. It is well established, however, that exhaustion of state remedies is not a prerequisite to bringing a section 1983 action in federal court. Patsy v. Board of Regents, 457 U.S. 496, 516 (1982); Clark v. Yosemite Community College Dist., 785 F.2d 781, 790 (9th Cir.1986). We therefore conclude that the district court erred in dismissing the Bakers' section 1983 claims for lack of jurisdiction.
 
 B. Summary Judgment
 
 10
 Although the district court concluded that it lacked subject matter jurisdiction over the Bakers' section 1983 claims, it nevertheless determined that summary judgment would have been appropriate had jurisdiction existed.[4]
 
 
 11
 We review de novo a district court's grant of summary judgment. See, e.g., New England Mechanical v. Laborer's Local Union 294, 909 F.2d 1339, 1342 (9th Cir.1990). Summary judgment is warranted where no material issue of fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Farley, 883 F.2d at 711. In opposing a motion for summary judgment, the nonmoving party cannot "rely merely on the unsupported or conclusory allegations of [his] pleadings." Coverdell v. Dept. of Social & Health Services, 834 F.2d 758, 769 (9th Cir.1987); see Fed.R.Civ.P. 56(e). Rather, he must present sufficient evidence to establish "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 12
 In order to prevail in their section 1983 claims, the Bakers must show that: (1) the appellees were acting under color of state law; and (2) the appellees' actions subjected them to a deprivation of a constitutional right. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir.1984). Because the Bakers bear the burden of proof on these elements, White v. Roper, 901 F.2d 1501, 1503 (9th Cir.1990), they were required to produce evidence to show a genuine issue of material fact as to each element. Celotex, 477 U.S. at 324.
 
 
 13
 The Bakers failed to produce any affidavits or other evidence in response to the motion for summary judgment until well after the filing deadline.[5] Although they did timely file an affidavit in support of their prior motion for a preliminary injunction, it contained no allegations concerning the conspiracy.
 
 
 14
 We are aware the Bakers are proceeding pro se.[6] However, this does not excuse their failure to respond to the appellees' motion. The district court clearly informed the Bakers of the need to respond. In fact, the court granted a fifteen-day extension of the filing deadline to allow them additional time to produce supporting affidavits.[7] Despite this extension, the Bakers failed to respond until almost a week after the court ruled on the appellees' motion; thirty-five days after their response was originally due. The district court was not required to consider this untimely response in deciding whether to grant summary judgment. Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1519 (9th Cir.1983), cert. denied, 465 U.S. 1081 (1984); Mendez, 900 F.2d at 7.
 
 C. Sanctions
 1. Rule 11 Sanctions
 
 15
 The district court found that the Bakers misrepresented certain facts integral to their claims.[8] Further, it found that none of their claims stated a cognizable ground for relief. As a result, the court imposed sanctions on the Bakers pursuant to Federal Rule of Civil Procedure 11. We review the imposition of Rule 11 sanctions for abuse of discretion. Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447, 2463 (1990).
 
 
 16
 A number of the claims which the Bakers included in this present action were previously prosecuted by them, and lost, in state court. As to those claims, even a cursory reading of the law would have informed the Bakers that federal court was not the proper forum to appeal the state court's ruling. As to the section 1983 claims, these claims were completely lacking in any factual support.
 
 
 17
 In sum, not one of the Bakers' claims was "well grounded in fact and ... warranted by existing law" or a good faith modification of the law. Fed.R.Civ.P. 11. Rule 11 sanctions were justified and the district court did not abuse its discretion in imposing them.
 
 2. Sanctions on Appeal
 
 18
 The appellees urge this court to impose additional sanctions against the Bakers under Fed.R.App.P. 38. This rule provides: "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." Such sanctions may be imposed against pro se litigants. In Re Becraft, 885 F.2d 547, 548 (9th Cir.1989).
 
 
 19
 Not every appeal that lacks merit is frivolous. However, where it is obvious that the arguments presented on appeal are unsupportable and present no colorable claim of error, Rule 38 sanctions are warranted. Grimes v. C.I.R., 806 F.2d 1451, 1454 (9th Cir.1986). We conclude that such sanctions are appropriate in this case.
 
 
 20
 The Bakers' only argument on appeal that is not frivolous is their argument that the district court erred in dismissing their section 1983 claims for failure to exhaust administrative remedies. But even if the district court erred in this ruling, there was no basis for this appeal. The law is clear that in this kind of case the Bakers cannot seek review by a federal court of claims which a state court decided against them. They should have known this. Moreover, the district court advised them of this in no uncertain terms. As to their section 1983 claims, not one of those claims has any support in fact.
 
 
 21
 In sum, this appeal has needlessly imposed upon the resources of this court and unnecessarily forced the appellants to incur attorney fees and costs. Sanctions for this frivolous appeal are appropriate. Accordingly, the appellants are entitled to their reasonable attorney fees and costs on appeal. We impose these fees and costs against the appellants Roger Lee Baker and Edna Ila Baker as a sanction under Fed.R.App.P. 38.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The appellees are Brent Curtis, Director of the Washington County Land Use Department, Steven Ceccanti, the owner of a restaurant adjacent to the Bakers' property, John and Wanda Beland, former owners of property adjacent to the Bakers, and the Honorable Gregory Milnes, Circuit Judge for Washington County
 
 
 [2]
 The appellees also urge this court to dismiss the appeal because the Bakers apparently failed to post a bond for costs as required under Federal Rule of Appellate Procedure 7. Absent unusual circumstances, however, the failure to post a bond under Rule 7 does not require dismissal. Carr v. Grace, 516 F.2d 502, 504 (5th Cir.1975); see also Hagan v. Whitman, 356 F.2d 742, 745 (9th Cir.1966) (dismissal is discretionary)
 
 
 [3]
 The Bakers complaint inferentially challenges their opportunity to litigate their land use claims before the state court. The "full and fair opportunity to litigate" condition requires only that a state proceeding "satisfy the minimum procedural requirements of the [Due Process Clause]." Kremer v. Chemical Constr. Corp., 456 U.S. 461, 481 (1982). As discussed in the following sections, the Bakers have produced no credible evidence casting doubt upon the state court's compliance with due process
 
 
 [4]
 Appellees Milnes and Ceccanti moved to dismiss the Bakers' complaint for failure to state a claim. In ruling on these motions, the district court considered matters outside the pleadings. Accordingly, we treat these motions as motions for summary judgment. Fed.R.Civ.P. 12(b); Farley v. Henderson, 883 F.2d 709, 711 (9th Cir.1989)
 
 
 [5]
 The Bakers eventually filed a response to the summary judgment motion 35 days after it was originally due
 
 
 [6]
 A number of courts have held that summary judgment may not be granted against a pro se litigant unless he has been duly warned of the consequences of failing to respond. Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir.1979); Coleman v. Smith, 828 F.2d 714, 716-17 (11th Cir.1987). This court has rejected that requirement, however, where the pro se litigant is not a prisoner. Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir.1986). In any event, the Bakers received adequate warning by the trial court of the consequences of not responding
 
 
 [7]
 The Bakers also challenge the district court's refusal to grant them additional time beyond the fifteen-day extension in order to file their response. We have carefully reviewed the record and conclude that the district court did not abuse its discretion by limiting the extension of the filing deadline to fifteen days. See Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 6 (1st Cir.1990) ("the district court ... must be ceded considerable discretion" in granting extensions for filing affidavits under Rule 56)
 
 
 [8]
 In particular, the court found that the Bakers failed to inform the court that: (1) no intrusion onto their property occurred as a result of the 1989 permit, (2) appellee Ceccanti shared the easement held by the Bakers, and (3) the Bakers' deed dedicated this easement for road purposes