814 F.2d 612
 Patrick BRIGHTLY, Plaintiff-Appellee,
v.
Louie L. WAINWRIGHT, Dr. Ann I. Gispert, Lt. Mowery, and
Sgt. E.C. Savoia, Defendants-Appellants.
Joseph ROCHELLE, Plaintiff-Appellee,
v.
Louie L. WAINWRIGHT, C.P. Worthington, and Lt. N.C. Gemell,
Defendants-Appellants.
Samuel ESTRELLA, Jr., Plaintiff-Appellee,
v.
Louie WAINWRIGHT, Ana I. Gispert, Nancy Brown Balcerzak, and
Lt. John Delashmet, Defendants-Appellants.
Earl JOHNSON, Lukey Riley, Nathaniel Watts, Robert Owens,
Bruce Simmons, Plaintiffs-Appellees,
v.
Louie L. WAINWRIGHT, et al., Defendants-Appellants.
 Nos. 86-5071 to 86-5073, 86-5092.
 United States Court of Appeals,
Eleventh Circuit.
 April 13, 1987.
 
 Jason Vail, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for defendants-appellants.
 Peter M. Siegel, Randall C. Berg, Jr., Florida Justice Institute, Inc., Miami, Fla., for plaintiffs-appellees.
 Appeals from the United States District Court for the Southern District of Florida.
 Before GODBOLD and ANDERSON, Circuit Judges, and SWYGERT,* Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellants in these cases, all officials of the Florida Department of Corrections, challenge the several rulings of the United States District Court for the Southern District of Florida holding unconstitutional, as applied, a regulation of the Florida Department of Corrections that requires all male inmates to have their hair cut short and to be clean-shaven. We reverse.
 
 
 2
 Each of the appellees is a Florida prison inmate. At the time they filed their complaints all of them were housed at one institution, Dade Correctional Institution, near Homestead, Florida. Each of the appellees claims to be a member of the same religious group, the Ethopian Zion Coptic Church. One of the sincere beliefs of this faith is that men should not shave or cut their hair. Consequently, appellees filed various suits under Sec. 1983 alleging that the Florida Department of Corrections rule requiring all inmates to shave or cut their hair violated their First Amendment right to freely exercise their religion.
 
 
 3
 In each case below, the Department of Corrections argued that its restriction on plaintiffs' rights was a reasonable one designed to: (1) aid in the recapture of prisoners following their escape; (2) establish a uniform grooming policy; and (3) reduce the security risk inherent in maintaining a prison. Each district court rejected these justifications and determined that a practice of before-and-after photography (i.e., photographing each prisoner both with and without a beard) would constitute a less restrictive alternative adequately satisfying the department's legitimate concerns. These appeals then ensued and the cases were consolidated for our consideration.
 
 
 4
 We hold that each of the instant cases is controlled by prior circuit precedent. See Shabazz v. Barnauskas, 790 F.2d 1536 (11th Cir.1986); Maimon v. Wainwright, 792 F.2d 133 (11th Cir.1986).[1] Both Shabazz and Maimon involved the precise issue presented on this appeal. In both those cases, we concluded that the penological interest in preventing escape was sufficiently great to overcome the prisoner's interest in his right to practice his religion. We also rejected the before-and-after photography alternative, concluding that it did not present a sufficient reason for declining to defer to the judgment of the prison officials. Consequently, the district court in each of the cases now before us erred in failing to accord appropriate deference to the judgment of the prison officials. The state's grooming regulation is rationally related to a substantial government interest and that restriction is no greater than necessary to accomplish its purpose.
 
 
 5
 For the foregoing reasons, the judgment of the district court in each of the four cases before us enjoining the enforcement of the Florida prison grooming regulations is
 
 REVERSED.[2]
 
 
 *
 Honorable Luther M. Swygert, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 [1]
 In each of the cases before us, the district court's decision was rendered before publication of this court's opinions in Shabazz and Maimon
 
 
 [2]
 The appeal in Case No. 86-5092 is moot insofar as it seeks to adjudicate the claim of Robert Owens. Owens has been released from prison and this court can afford him no relief. The appeal in Case No. 86-5073 is also moot. Appellee Samuel Estrella, Jr. has escaped from custody and has not yet been recaptured. With respect to the appeals of Robert Owens and Samuel Estrella, Jr., the judgment of the district court is vacated and the case is remanded with instructions that it be dismissed