908 F.2d 663
 Leona SAWYER, as Personal Representative of the Estate of
Johnnie Curtis Sawyer, deceased, and on her own
behalf, Plaintiff-Appellee,
v.
COUNTY OF CREEK, a Political Subdivision of the State of
Oklahoma; Robert J. Whitworth, individually and in his
official capacity as Sheriff of Creek County; Michael E.
Bird, and other unknown persons, individually and in their
official capacity as Deputy Sheriffs or employees of Creek
County; J.D. Nunez, M.D., Defendants,
and
Rodrigo Ramirez, M.D., individually and as an employee of
the State of Oklahoma, Defendant-Appellant.
 No. 89-5080.
 United States Court of Appeals,
Tenth Circuit.
 July 18, 1990.
 
 Robert A. Nance (Robert H. Henry, Atty. Gen., and Randy J. Malone, Asst. Atty. Gen., of Oklahoma, with him on the briefs), Asst. Atty. Gen., Chief, Federal Div., of Oklahoma, for the defendants-appellants.
 Michael Salem (Louis W. Bullock, of Bullock and Bullock, Tulsa, Okl., with him on the brief), Salem Law Offices, Norman, Okl., for plaintiff-appellee.
 Before TACHA and BRORBY, Circuit Judges, and VAN BEBBER, District Judge.*
 TACHA, Circuit Judge.
 
 
 1
 This action arises out of the death of Johnnie Curtis Sawyer at the Eastern State Hospital in Vinita, Oklahoma. Leona Sawyer, mother of the decedent, filed suit against Rodrigo Ramirez, M.D., a state employee of Eastern State Hospital, alleging that Ramirez denied Johnnie Sawyer his rights under: (1) the first, fourth, fifth, sixth, seventh, ninth, and fourteenth amendments, U.S. Const. amends. I, IV, V, VI, VII, IX, XIV; and (2) various state laws. Ramirez moved to dismiss the state claims on jurisdictional grounds and the federal claims on the basis of absolute and qualified immunity. The district court denied the motion, and Ramirez appeals. We reverse.
 
 I.
 
 2
 Because we are reviewing a motion to dismiss, we assume that the following facts alleged in the complaint are true. See Estelle v. Gamble, 429 U.S. 97, 99, 97 S.Ct. 285, 288, 50 L.Ed.2d 251 (1976). On May 12, 1987, Johnnie Curtis Sawyer, decedent and the son of plaintiff Leona Sawyer, was arrested on charges of disturbing the peace. He was detained at the Creek County Jail in Sapulpa, Oklahoma. During his week-long term in the jail, Sawyer's behavior was erratic. He drank from the toilet, refused to wear any clothing, and set portions of his cell on fire. After the state instituted mental health proceedings on May 19, the court remanded Sawyer to the custody of the county sheriff, pending a hearing relating to his mental health set for May 22. The sheriff transported Johnnie Sawyer to the Eastern State Hospital in Vinita, Oklahoma. Ramirez was one of the decedent's treating physicians at the hospital. While at the hospital, the decedent's medical condition deteriorated. The plaintiff states that Ramirez failed to take steps necessary to halt Johnnie Sawyer's "declining condition relating to his mental condition, diabetes and hypertension all of which resulted in the death of the decedent on May 20, 1988."
 
 II.
 
 3
 Ramirez seeks to dismiss Leona Sawyer's claim under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Ramirez argues that Leona Sawyer has pled insufficient facts to overcome Ramirez's absolute and qualified immunity from suit.[1]
 
 
 4
 We turn first to Ramirez's claim of qualified immunity. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Unlike other affirmative defenses, qualified immunity is not merely a defense to liability; it is also an immunity from suit. Qualified immunity protects a defendant from discovery, trial, and the other burdens of litigation. For this reason, prior to filing an affirmative defense, a defendant can challenge a complaint by filing either a motion to dismiss or a motion for summary judgment if the plaintiff has failed to come forward with facts or allegations that establish that the defendant has violated clearly established law. See Mitchell, 472 U.S. at 526, 105 S.Ct. at 2815; Pueblo Neighborhood Health Centers, Inc. v. Losavio, 847 F.2d 642, 646 (10th Cir.1988). Following a defendant's motion to dismiss, the district judge should permit the plaintiff to come forward with any additional allegations showing that the defendant violated clearly established law. Pueblo Neighborhood, 847 F.2d at 646. The court must then determine whether the complaint includes "all of the factual allegations necessary to sustain a conclusion that defendant violated clearly established law." Powell v. Mikulecky, 891 F.2d 1454, 1457 (10th Cir.1989).
 
 
 5
 In addition to coming forward with the necessary factual allegations, the plaintiff must demonstrate that the right in question was clearly established at the time of the defendant's conduct. Pueblo Neighborhood, 847 F.2d at 646. The plaintiff cannot meet this burden merely by identifying a clearly established right and then alleging that the defendant has violated it. The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). Unless and until the plaintiff both demonstrates a clearly established right and comes forward with the necessary factual allegations, the "government official is properly spared the burden and expense of proceeding any further," Powell, 891 F.2d at 1457.
 
 
 6
 With these considerations in mind, we turn to Leona Sawyer's argument that Ramirez is not entitled to qualified immunity because he deprived Johnnie Sawyer of adequate medical treatment. Leona Sawyer contends that Johnnie Sawyer enjoyed a clearly established right to adequate medical treatment under the due process clause of the fourteenth amendment.[2] We disagree.
 
 
 7
 In determining the scope of the decedent's clearly established substantive due process rights under the fourteenth amendment, we find that Daniels v. Gilbreath, 668 F.2d 477 (10th Cir.1982), controls the outcome of this case. Daniels, like the instant case, involved a claim against a medical doctor for 42 U.S.C. section 1983 damages for conduct surrounding the unexplained death of a detainee at Eastern State Hospital. Like Johnnie Sawyer, the decedent in Daniels was under observation and had not yet undergone either a trial or a commitment proceeding. The Daniels court stated that the plaintiff could prevail on his claim against the doctor only by demonstrating "a violation of a constitutional or fundamental right guaranteed by the fourteenth amendment or perhaps of the eighth amendment[3] incorporated into the fourteenth." Id. at 487. In determining the proper standard under the fourteenth amendment, the Daniels court referred to Estelle, which held that to prevail under the eighth amendment, a prisoner must demonstrate "deliberate indifference to serious medical needs," not mere negligence. Estelle, 429 U.S. at 106, 97 S.Ct. at 292. Daniels adopted the same deliberate indifference standard for a detainee's claim of insufficient medical care under the fourteenth amendment. See Daniels, 668 F.2d at 481-82. Our decision in Daniels clearly established that a government doctor violated the fourteenth amendment only by exhibiting deliberate indifference to the serious medical needs of a detainee.
 
 
 8
 Contrary to the contention of Leona Sawyer, subsequent Supreme Court cases do not clearly establish that there is a violation of the fourteenth amendment upon a lesser showing than deliberate indifference. In City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983), the Supreme Court reserved the question of whether pretrial detainees might enjoy more extensive rights under the fourteenth amendment than prisoners do under the eighth amendment. The Court stated that a suspect injured by the police in the course of apprehension enjoys due process rights "at least as great as the Eighth Amendment protections available to a convicted prisoner." City of Revere, 463 U.S. at 244, 103 S.Ct. at 2983. The Court went on to note that it "need not define, in this case, [the government's] due process obligation to pretrial detainees or to other persons in its care who require medical attention." Id.
 
 
 9
 In Youngberg v. Romeo, 457 U.S. 307, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982), the Supreme Court acknowledged that an involuntarily committed mentally retarded person enjoys a substantive due process right to adequate medical care. See id. at 315, 102 S.Ct. at 2457. However, the plaintiff in Youngberg did not allege that he was deprived of adequate medical care and, therefore, the Court had no opportunity to state whether the plaintiff could prove that he received constitutionally inadequate medical care upon a lesser showing than deliberate indifference.[4] Even had the Court reached this issue, its holding would have been in the context of involuntarily committed mentally retarded persons, not detainees under observation pending commitment proceedings. Because institutionalized persons are "wholly dependent on the state," see Youngberg, 457 U.S. at 317, 102 S.Ct. at 2458, it is possible that the state owes such persons greater care to meet its fourteenth amendment obligations than it does to detainees who have not yet been determined to be appropriate for commitment.
 
 
 10
 We conclude that neither City of Revere nor Youngberg clearly establish that a detainee can demonstrate a violation of substantive due process upon a lesser showing than deliberate indifference to serious medical needs. We hold that to defeat Ramirez's qualified immunity defense, Leona Sawyer must allege that Ramirez exhibited deliberate indifference to the serious medical needs of Johnnie Sawyer.
 
 
 11
 We now turn to Leona Sawyer's complaint to determine whether it alleges that Ramirez manifested deliberate indifference. Normally, a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). Once a qualified immunity defense has been raised, however, the plaintiff is held to a heightened standard of pleading. The complaint must include "all the factual allegations necessary to sustain a conclusion that defendant violated clearly established law." Pueblo Neighborhood, 847 F.2d at 646 (quoting Dominique v. Telb, 831 F.2d 673, 676 (6th Cir.1987)).
 
 
 12
 In her amended complaint, Leona Sawyer states:
 
 
 13
 The examination, diagnosis and treatment of Decedent Sawyer by Defendants NUNEZ and RAMIREZ departed and fell below the accepted standard of medical care in that these Defendants, among other matters, did not exercise a required degree of skill, technique, learning and expertise in failing to recognize and diagnose the existing physical and mental condition at the time of admission and subsequent thereto of Decedent SAWYER or prescribe a proper and correct treatment under the circumstances and take necessary corrective action to arrest and stop the declining condition relating to his mental condition, diabetes and hypertension all of which resulted in the death of the Decedent on May 20, 1988. Further, the actions of the Defendants NUNEZ and RAMIREZ after SAWYER's admission to the hospital and subsequent to his death deprived the Decedent of his constitutional rights and due process as provided under the First, Fourth, Fifth, Sixth, Seventh, Ninth, and Fourteenth Amendments of the United States Constitution. As a result of the negligence of these Defendants and the violation of Decedent's civil rights by the Defendants, Decedent SAWYER was deprived of any chance of survival or recovery from his physical and mental illness to a stable and considered condition.
 
 
 14
 The allegations in the complaint that Ramirez's conduct fell below the accepted standard of medical care by failing to exercise the required level of competence establishes a cause of action only for negligence. The factual allegations simply do not allege that Ramirez acted with deliberate indifference. The complaint does not allege, for instance, that Ramirez knowingly ignored the decedent's condition. We hold that the complaint does not contain the factual allegations necessary to sustain a conclusion that Ramirez acted with deliberate indifference.[5]
 
 
 15
 In her brief to this court, Leona Sawyer complains that, prior to discovery, she cannot allege more specific facts relating to the death of the decedent, because information relating to the decedent's death lies exclusively within Ramirez's control. The plaintiff laments that she is caught between the prohibition on ungrounded factual assertions contained in Federal Rule of Civil Procedure 11 and the requirement of explicit factual pleadings imposed on a plaintiff seeking to overcome a qualified immunity defense. We perceive no injustice in the plaintiff's dilemma. In this case Leona Sawyer failed to identify properly a clearly established right. Moreover, under the clearly established right that we have delineated, Leona Sawyer has failed to allege facts that would "sustain a conclusion that the defendant violated a clearly established right." Pueblo, 847 F.2d at 646 (quoting Dominique, 831 F.2d at 676). A federal lawsuit is not a fishing expedition. Were we to permit Leona Sawyer's complaint to continue in its present form, we would defeat the rationale for the qualified immunity defense. See Mitchell, 472 U.S. at 526, 105 S.Ct. at 2815 (government officials enjoy immunity from the burdens of suit, rather than a mere defense to liability, in the absence of a showing that they have violated a clearly established right); see also Patty Precision v. Brown & Sharpe Mfg. Co., 742 F.2d 1260, 1264 (10th Cir.1984) (mere assertion that evidence supporting plaintiff is in the hands of the defendant is insufficient to justify, under Federal Rule of Civil Procedure 56(f), a denial of a motion for summary judgment).
 
 III.
 
 16
 We hold that Leona Sawyer's federal cause of action against Ramirez should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for a failure to allege sufficient facts showing a violation of a clearly established right. Because the plaintiff states that she cannot significantly amend her complaint without discovery, we dismiss with prejudice and we do not consider the issue of whether it would be appropriate to remand to the district court to permit the plaintiff to file a motion for leave to amend. Cf. Union Planters National Leasing, Inc. v. Woods, 687 F.2d 117, 121 (5th Cir.1982) (after considering prejudice to movant and judicial economy, court may refuse leave to amend where amendment would be futile). We do not reach Ramirez's argument that he is entitled to absolute immunity. Because we dismiss the federal causes of action prior to trial, we hold that the state claims should be dismissed without prejudice for lack of pendent jurisdiction. See United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); Central Nat'l Bank v. Rainbolt, 720 F.2d 1183, 1187 (10th Cir.1983). The order of the district court is REVERSED and REMANDED with instructions to dismiss all claims against Ramirez.
 
 
 
 *
 Honorable G. Thomas Van Bebber, United States District Judge for the District of Kansas, sitting by designation
 
 
 [1]
 We have jurisdiction over this appeal because a district court's denial of a motion to dismiss based on qualified immunity is an appealable "final decision" within the ambit of 28 U.S.C. section 1291. See Mitchell v. Forsyth, 472 U.S. 511, 527-30, 105 S.Ct. 2806, 2816-18, 86 L.Ed.2d 411 (1985)
 
 
 [2]
 Although Leona Sawyer argues that Ramirez violated rights of Johnnie Sawyer arising under "various clauses" of the Constitution, the only provision she specifically mentions on appeal is the fourteenth amendment. Because Leona Sawyer has thus chosen not to renew her earlier argument to the trial court resting on the first, fourth, fifth, sixth, seventh, and ninth amendments to the U.S. Constitution, we do not reach these issues
 
 
 [3]
 The Supreme Court has cast doubt on our suggestion that the eighth amendment might be applicable to a pre-trial or pre-commitment detainee. See City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244, 103 S.Ct. 2979, 2983, 77 L.Ed.2d 605 (1983) ("Because there had been no formal adjudication of guilt against [the suspect] at the time he required medical care, the Eighth Amendment has no application")
 
 
 [4]
 In the context of defining the contours of the plaintiff's substantive due process right to safety and freedom from bodily restraint, the Court did suggest that an involuntarily committed retarded person enjoys more extensive rights than a prisoner. See Youngberg, 457 U.S. at 321-22, 102 S.Ct. at 2461-62 ("Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish"). However, neither the right to safety nor the right to freedom from bodily restraint is at issue in this case
 
 
 [5]
 Our ruling is consistent with our disposition of Garrett v. Radar, 831 F.2d 202 (10th Cir.1987). In Garrett, we affirmed the district court where it held that although the allegations in the plaintiff's complaint were couched in terms of negligence, at trial the plaintiff might be able to meet the requirement of showing more than negligence. Id. at 205 n. 3. Unlike Leona Sawyer, the plaintiff in Garrett alleged specific facts suggesting that the defendants knowingly violated the law. Id. at 205