963 F.2d 382
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert H. KETCHUM, Plaintiff-Appellant,
v.
Dr. Robert W. MARSHALL, Defendant-Appellee.
 No. 91-1378.
 United States Court of Appeals, Tenth Circuit.
 May 19, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 Appellant Robert H. Ketchum claimed damages under 42 U.S.C. § 1983 for allegedly being forced by a state hospital psychiatrist to take an increased dosage of an antipsychotic drug as punishment while plaintiff was voluntarily committed at the hospital for treatment of a severe psychiatric disorder. The issue in this appeal is whether the district court properly entered summary judgement in favor of defendant.[1] We affirm.
 
 
 2
 The district court originally dismissed plaintiff's complaint under Rule 12(b)(6), and plaintiff appealed. This court affirmed in part and reversed and remanded in part, stating:
 
 
 3
 Even though Mr. Ketchum had voluntarily committed himself at the time, the Supreme Court has stated psychiatric patients have a "significant liberty interest in avoiding the unwarranted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." Washington v. Harper, 110 S.Ct. 1028, 1036 (1990). See also Bee v. Greaves, 744 F.2d 1387, 1392-93 (10th Cir.1984), cert. denied, 469 U.S. 1214 (1985); People v. Medina, 705 P.2d 961, 967 (Colo.1985).
 
 
 4
 While these cases deal with involuntarily committed patients, the broad sweep of Washington suggests Mr. Ketchum's complaint does state a claim on its face. We offer no opinion, at this time, whether a voluntarily committed mental patient is entitled to the same due process considerations as an involuntary patient. We do conclude, however, the complaint cannot be dismissed without consideration of the issue in the district court.
 
 
 5
 Ketchum v. Marshal [sic], No. 90-1281 (10th Cir. Feb. 25, 1991).
 
 
 6
 On remand, the district court referred the matter to a magistrate judge and accepted the magistrate judge's recommendation that summary judgment should enter in favor of defendant.[2] The district court's summary judgment order acknowledged the issue which troubled this court on appeal, but granted summary judgment on the threshold question of whether plaintiff was forcibly drugged with antipsychotic medication. Ketchum v. Marshall, No. 90-CV-1627, Order at 4 (D.Colo. Oct. 30, 1991). The district court noted that plaintiff consented to the administration of the drugs in question, objecting only to the dosage which was prescribed. In addition, it noted that plaintiff voluntarily took the increased dosage while he was hospitalized and after he was released from the state hospital. Plaintiff appeals, contending that whether he consented to the administration of the drugs at the hospital was a disputed question of fact which the district court inappropriately resolved as part of its summary judgment order.
 
 
 7
 Plaintiff brought this action under 42 U.S.C. § 1983. Pertinent to the claim on review here, plaintiff alleged that defendant violated his right to due process by administering an increased dosage of thorazine. "[I]n order to recover in federal court through § 1983 a plaintiff must show: (1) a federal constitutional right was violated; and (2) the individual violating the constitutional right did so under color of law." Quezada v. County of Bernalillo, 944 F.2d 710, 714 (10th Cir.1991). The district court's order here is a determination that plaintiff failed to make sufficient showing that one of his federal constitutional rights was violated.
 
 
 8
 We review summary judgment determinations de novo. "We apply the same legal standard used by the district court under Fed.R.Civ.P. 56(c) and examine the record to determine if any genuine issue of material fact was in dispute; if not, we determine if the substantive law was correctly applied." While we view the record in the light most favorable to the party opposing summary judgment, "the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof."
 
 
 9
 Phillips v. Calhoun, 956 F.2d 949, 950 (10th Cir.1992) (citations omitted).
 
 
 10
 The following facts relevant to this appeal are undisputed: At the time of the incident of which plaintiff complains, he had voluntarily committed himself to the state hospital for treatment of psychiatric problems. At that time, plaintiff was voluntarily taking thorazine, an antipsychotic drug, in 300 mg. doses. The dosage of thorazine was increased to 400 mg. under the medical judgment of defendant. The additional dosage was not forcibly injected into plaintiff's body; he took the medication himself orally when it was dispensed to him. Under these circumstances, we cannot determine that plaintiff's Fourteenth Amendment due process right has been violated, regardless of whether he voluntarily committed himself to the state hospital or was involuntarily committed there. Although plaintiff cites other allegations from his pleadings which he says are disputed questions of fact rendering summary judgment inappropriate,[3] none are issues of fact material to the issue of whether plaintiff's constitutional rights were violated by defendant under the circumstances described herein.
 
 
 11
 Plaintiff's objection to the dosage of his medication is in essence a dispute with his physician as to whether the medical treatment prescribed by the physician was appropriate. This objection does not rise to the level of a constitutional claim unless it amounts to deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Sawyer v. County of Creek, 908 F.2d 663, 667 (10th Cir.1990). On the record before us, plaintiff did not allege facts to support deliberate indifference to serious medical needs by defendant.
 
 
 12
 Accordingly, the district court was correct in its determination that it need not reach the legal issue of whether a patient voluntarily committed to a state institution could be forced to take antipsychotic medication. The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 The magistrate also recommended that plaintiff be sanctioned with an award of defendant's attorney's fees, a recommendation the district court declined to accept
 
 
 [3]
 E.g., was he coerced into voluntarily taking the medication by a threat of involuntary injection; did the increased dosage cease after forty-eight hours, or did it continue for the duration of his hospitalization?