986 F.2d 1427
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph Macastle JACKSON, Plaintiff-Appellant,
v.
Ron CHAMPION, Warden; M. Sirmons, Deputy Warden; S. Bears,
Captain; M. Keenan, Chaplain; Pete Iverson, Case
Manager Coordinator, each individually
and their successors,
Defendants-Appellees.
 No. 92-5142.
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1993.
 
 1
 Before TACHA and BALDOCK, Circuit Judges, and BROWN,* Senior District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 WESLEY E. BROWN, Senior District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Plaintiff Joseph Macastle Jackson appeals from the entry of summary judgment in favor of the defendants on his claim for money damages pursuant to 42 U.S.C. § 1983. Jackson, a state prisoner in Oklahoma, brought this action following the correction department's denial of his application for a religious exemption to the prison grooming code. He sought injunctive and monetary relief. The district court granted injunctive relief but ruled the defendants were entitled to qualified immunity on the monetary damage claim. We affirm.
 
 
 6
 The Oklahoma grooming code prohibits prisoners from wearing long beards unless they obtain a religious exemption.[1] Jackson is a practicing Muslim. In October 1990, he applied for an exemption to enable him to wear a beard in compliance with the tenets of his faith. His request was denied initially and on appeal to the prison warden. At his exemption hearing, Jackson stated that although some Islamic believers choose not to wear beards, his personal faith requires him to do so.
 
 
 7
 Jackson was not the first Muslim prisoner to request an exemption. In late 1989 or early 1990, department officials contacted the World Community of Islam and the Islamic Information Center in Chicago to inquire whether Muslim men were required to grow a beard. They made these inquiries in response to other exemption applications. Representatives from these organizations told the corrections department that there was no beard requirement. The Facility Classification Committee relied on this information to deny Jackson's application.
 
 
 8
 The warden investigated the matter further when Jackson appealed the initial committee decision. Based on information Jackson provided to the warden, an assistant notified "The Original Tents of Kedar" in Brooklyn, New York, to verify the beard requirement. A representative from that organization told the assistant that although a beard was preferred, it was not a requirement. The representative stated it would be unfair to impose such a requirement because not all Muslim men can grow a beard. In reliance on this information, the warden denied the request for exemption.
 
 
 9
 Jackson received several misconduct reports for refusing to shave his beard. Disciplinary action taken against him included segregation, fines, and loss of good time credits. As a result of the misconduct reports, he was transferred to the maximum security facility at Oklahoma state penitentiary.[2] This civil rights action was filed in December of 1990. The defendants have not appealed the district court's decision granting Jackson injunctive relief. Consequently, the only issue on appeal is whether the grant of summary judgment on the damage claim was appropriate.
 
 
 10
 Officials performing discretionary functions will have qualified immunity from suit as long as reasonable officers in the defendants' position would have believed the disputed conduct was lawful in light of the clearly established law and the circumstances and information they possessed at the time the decision was made. Anderson v. Creighton, 483 U.S. 635, 638-39 (1987). Here, the district court determined Jackson did not meet his burden of establishing that, at the time of the initial denial and appeal, a reasonable official would have known the investigation into the beard requirement was flawed.
 
 
 11
 The summary judgment standard is altered slightly when government officials seek to invoke qualified immunity. Patrick v. Miller, 953 F.2d 1240, 1243 (10th Cir.1992). Once the defense is raised, the plaintiff must " 'come forward with facts or allegations sufficient to show both that the defendant's alleged conduct violated the law and that that law was clearly established when the alleged violation occurred.' " Id. at 1243 (quoting Pueblo Neighborhood Health Ctrs., Inc. v. Losavio, 847 F.2d 642, 646 (10th Cir.1988)); see also Siegert v. Gilley, 111 S.Ct. 1789, 1793 (1991) (threshold inquiry is whether plaintiff has stated a constitutional violation). It is only after plaintiff satisfies both showings that the burden shifts to the defendant to show no material issues of fact remain which would preclude summary judgment. See Losavio, 847 F.2d at 646.
 
 
 12
 The district court held that, although plaintiff stated a constitutional violation, he failed to show the law was clearly established at the time these events occurred. In this regard, it is incumbent upon plaintiff to make a particularized showing. Patrick, 953 F.2d at 1243; see also Sawyer v. County of Creek, 908 F.2d 663, 665 (10th Cir.1990) (summary judgment challenge is appropriate if plaintiff fails to set forth specific allegations regarding violation of clearly established law). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson, 483 U.S. at 640.
 
 
 13
 Here, the alleged violation is the denial of First and Fourteenth Amendment rights based on the failure to investigate and review adequately Jackson's exemption request. In particular, although acknowledging the sincerity of Jackson's beliefs, defendants justified the denial with information garnered from investigations they conducted on exemption requests from other prisoners. Further, they never spoke with the Muslim chaplain at the prison. In an affidavit submitted to the district court, the chaplain testified to the sincerity of Jackson's beliefs and the beard requirement. Jackson satisfied his burden of alleging a specific constitutional violation.
 
 
 14
 At the time of these events in late 1990, however, it was not at all clear that officials were obligated to conduct thorough investigations into the sincerity of a prisoner's beliefs in order to accommodate religious needs. In fact, several circuits had upheld the constitutionality of grooming codes which did not allow, or severely restricted, religious exemptions. See, e.g., Fromer v. Scully, 874 F.2d 69, 73-76 (2d Cir.1989); Pollock v. Marshall, 845 F.2d 656, 658-60 (6th Cir.), cert. denied, 488 U.S. 987 (1988); Brightly v. Wainwright, 814 F.2d 612, 612-13 (11th Cir.), cert. denied, 484 U.S. 944 (1987); Hill v. Blackwell, 774 F.2d 338, 347-48 (8th Cir.1985).
 
 
 15
 It was not until 1991 that this circuit addressed the role of the sincerity determination in the exemption process. Mosier v. Maynard, 937 F.2d 1521, 1525-26 (10th Cir.1991); see also Longstreth, 961 F.2d at 902 (factual issues precluded summary judgment where sincerity of religious beliefs was disputed). Jackson has not sustained his burden of showing the law was clearly established in 1990 that he had a right to a more thorough investigation into the sincerity of his request to wear a long beard. Therefore, we need not reach the question whether factual disputes preclude summary judgment. Patrick, 953 F.2d at 1243.
 
 
 16
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 17
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Until 1986, the Oklahoma grooming code applied to all prisoners, regardless of religious beliefs. From 1986 to September 1991, prisoners were allowed to apply for a religious exemption to the code. In September of 1991, however, prison officials abolished the exemption provision. Following extensive litigation of the issue, the exemption provision was reinstated in January of 1992. This case was abated in the district court pending resolution of the challenge to the no-exemption policy. The case was reinstated and concluded following the January 1992 revision. See Longstreth v. Maynard, 961 F.2d 895, 900 n. 5 (10th Cir.1992)
 
 
 [2]
 In April 1992, he applied for and received an exemption at that facility