43 F.3d 1484
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 lmo R. WILSON, Jr., Plaintiff-Appellant,
v.
J.D. SHARP; Virgile Neuenschwander, Major; Russell Dear,
Captain; and Linda Smith, Defendants-Appellees.
 No. 94-6264.
 United States Court of Appeals, Tenth Circuit.
 Dec. 14, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGEMNT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-Appellant Elmo R. Wilson ("Wilson") brought this pro se civil rights action in federal district court under 42 U.S.C.1983.[2] Wilson claimed that during his pretrial detention at the Oklahoma County Jail he was deprived of his federal constitutional rights to adequate medical care and meaningful access to the courts. The district court granted summary judgment to Defendants on both claims. Wilson appeals, and we affirm.
 
 
 3
 We review the grant of summary judgment de novo, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). After reviewing the record in the light most favorable to Wilson, the party opposing the motion, we agree that Defendants are entitled to judgment as a matter of law.
 
 
 4
 Wilson first claims that the care he received for diabetes and hypertension during his pretrial detention was so inadequate as to constitute cruel and unusual punishment in violation of the United States Constitution. Although the Eighth Amendment does not apply until after adjudication of guilt, a pretrial detainee is entitled under the Due Process Clause of the Fourteenth Amendment to the same protection from inadequate medical care afforded to convicted inmates. Garcia v. Salt Lake County, 768 F.2d 303, 307 (10th Cir.1985). To state his Fourteenth Amendment claim, Wilson must thus show the same "deliberate indifference to serious medical needs" that is required for an Eighth Amendment claim. Sawyer v. County of Creek, 908 F.2d 663, 666 (10th Cir.1990) (adopting standard from Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Garcia, 768 F.2d at 307.
 
 
 5
 Wilson's allegations fall short of this standard. Wilson alleges, most significantly, that he was forced to use a heart monitoring machine that did not work properly and that his blood glucose level was not checked with sufficient regularity. While these allegations may at most raise a question of negligence, they do not show the deliberate indifference to a serious medical need required to state a constitutional claim. See Estelle, 429 U.S. at 106. Wilson provided no evidence that the jail officials knew about the machine's malfunctioning, and it is undisputed that he received medical care for his conditions on repeated occasions, including examinations by physicians, multiple tests of his blood pressure and blood glucose levels, and administration of prescribed medication. Thus, we hold that Defendants are entitled to summary judgment on Wilson's first claim.
 
 
 6
 Wilson claims, secondly, that he was denied his constitutional right of access to the courts because the Oklahoma County Jail has no law library or legal research materials. See Bounds v. Smith, 430 U.S. 817, 821 (1977); Love v. Summit County, 776 F.2d 908, 912 (10th Cir.1985) (acknowledging a right of access to the courts for pretrial detainees), cert. denied, 479 U.S. 814 (1986). Availability of a law library, however, is not by itself "an essential component of access to the courts." Love, 776 F.2d at 913-14 (citing Bounds, 430 U.S. at 830-31). Jail authorities may fulfill their obligation to protect the right of access in either of two ways: "by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 828 (emphasis added); Nordgren v. Milliken, 762 F.2d 851, 854 (10th Cir.), cert. denied, 474 U.S. 1032 (1985). Thus, Wilson had to show that he was also deprived of access to adequate legal assistance in order to state a triable constitutional claim.
 
 
 7
 Because Wilson failed in his three responsive pleadings to set forth any specific facts showing a genuine issue as to his access to legal personnel, his claim cannot survive summary judgment.[3] See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); R.O.A. Vol. I, Doc. 16 ("Brief in Support"), Doc. 18 ("Motion/Brief"), Doc. 22 ("Supplemental Brief in Support"). It is undisputed that the Oklahoma County Jail allows attorneys access to inmates, including the right of attorneys to provide inmates with legal research materials, at any time of day, 365 days a year. Wilson has been represented by five successive court-appointed attorneys, all of whom were presumably provided with this privilege. Although access to criminal attorneys may not necessarily fulfill the jail's obligation to provide "adequate assistance" to Wilson for his civil suit, Wilson has the burden of setting forth specific facts showing that he did not thereby receive the assistance necessary to protect his right of access to the courts. See Love, 776 F.2d at 910, 914 (denying claim against jail that lacked a law library but allowed attorneys access to inmates where plaintiff "did not show that he was denied access to adequate legal assistance to help him prepare and pursue his claims before the courts or that defendants in any significant way restricted that access"). While Wilson does state in his first responsive brief that he did not receive assistance from an attorney in this civil proceeding, R.O.A. Vol. I, Doc. 16 at 2, such a conclusory statement, neither supported by specific facts nor placed in affidavit form, fails to fulfill Wilson's burden at the summary judgment stage. See id.; Fed.R.Civ.P. 56(e).
 
 
 8
 Accordingly, we AFFIRM the district court's grant of summary judgment to Defendants on both of Plaintiff's claims. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court granted Wilson's application to proceed in forma pauperis, pursuant to 28 U.S.C.1915(a)
 
 
 [3]
 The district court granted summary judgment to Defendants because Wilson failed to show that he had been "prejudiced" by the lack of a law library. R.O.A. Vol. I, Doc. 30 at 4-5. We do not need to reach the issue of prejudice, however. Because Bounds allows a jail to fulfill its obligation to protect the right of access to the courts in two ways, Wilson must initially show that he has been denied an adequate law library and adequate legal assistance in order to state a claim. Since Wilson failed to make this threshold showing, we do not need to consider the issue of prejudice. See Ruark v. Solano, 928 F.2d 947, 950 (10th Cir.1991) (discussing when a showing of prejudice is needed)