Elaine **REIDENBACH**, Plaintiff,

v.

**U.S.D. # 437 and Edward E. Lignitz, individually and in his official capacity as Transportation Supervisor for U.S.D. # 437, Defendants.**

No. 94–4073–RDR.

United States District Court,
D. Kansas.

Feb. 10, 1995.

---

Pantaleon Florez, Jr., Florez & Frost, P.A., Topeka, KS, for plaintiff Elaine Reidenbach.

William E. Enright, Scott, Quinlan & Hecht, Fred W. Rausch, Jr., Fred W. Rausch, Jr., Chtd., Topeka, KS, for defendants U.S.D. No. 437, Edward E. Lignitz, individually and in his official capacity as transportation supervisor for U.S.D. # 437.

### MEMORANDUM AND ORDER

ROGERS, District Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that her First Amendment rights were violated when she was terminated from her employment as a bus driver. The defendants are her former employer, Unified School District No. 437, and her former supervisor, Edward E. Lignitz. This matter is presently before the court upon defendants' motion for judgment on the pleadings.

In her complaint, plaintiff alleges that she was not renewed as a bus driver for the defendant school district because she complained to her supervisor about a matter of public concern, the safety of students on school buses. She seeks compensatory and punitive damages.

The defendants raise three arguments. First, the defendants contend that the plaintiff has not met the pleading requirements to sustain a claim under § 1983. Second, they assert that they are immune under the Kansas Tort Claims Act. Third, they argue that the plaintiff has not complied with K.S.A. 12–105b.

These arguments are easily disposed of, so the court will be brief. The defendants initially argue, relying on *Tompkins v. Vickers,* 26 F.3d 603 (5th Cir.1994) and *Baxter v. Vigo County School Corp.,* 26 F.3d 728 (7th Cir. 1994), that a plaintiff must meet a "heightened pleading standard" in a § 1983 case. Defendants suggest over the course of 32 pages of argument that plaintiff's complaint fails to sufficiently plead a § 1983 cause of

action in accord with the heightened pleading standard.

The defendants have denominated the instant motion as one seeking a judgment on the pleadings. As to the heightened pleading standard arguments, the defendants essentially contend that plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the court shall evaluate these arguments under the standards applied to motions to dismiss for failure to state a claim. *Crooked Lake Development, Inc. v. Emmet County,* 763 F.Supp. 1398, 1400 (W.D.Mich.1991).

This argument is by far the strongest of the three made by the defendants, but ultimately it fails. Any discussion of the heightened pleading standard must begin with the United States Supreme Court's decision in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* —— U.S. ——, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). In *Leatherman,* the Court held that federal courts may not apply a "heightened pleading standard," more stringent than usual pleading requirements under the federal rules, in civil rights cases alleging municipal liability under § 1983. —— U.S. at ——, 113 S.Ct. at 1162. The Court found it "impossible to square the 'heightened pleading standard' ... with the liberal system of 'notice pleading' set up by the Federal Rules." *Id.* at ——, 113 S.Ct. at 1163. The Court specifically noted that the imposition of any heightened pleading requirement must be made by amendment to Federal Rules 8 and 9, rather than by judicial edict. *Id.* at ——, 113 S.Ct. at 1163. It stated that, "[i]n the absence of such an amendment, federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Id.*

The *Leatherman* court, however, explicitly declined to consider whether its qualified immunity jurisprudence "would require a heightened pleading in cases involving individual government officials." *Id.* at ——, 113 S.Ct. at 1162. Some courts have found that

the rationale of *Leatherman* should be equally applied to claims against individual defendants in their individual capacities under § 1983, while others have continued to apply precedent established prior to *Leatherman* requiring heightened pleading in such cases on the premise that *Leatherman* specifically did not address this issue. *Compare Kimberlin v. Quinlan,* 6 F.3d 789, 794 n. 9 (D.C.Cir.1993) and *Biase v. Kaplan,* 852 F.Supp. 268, 286–88 (D.N.J.1994) with *Kimberlin,* 6 F.3d at 804–05 n. 5 (Edwards, J., dissenting) and *Loftus v. Southeastern Pennsylvania Transportation Auth.,* 843 F.Supp. 981, 984–86 (E.D.Pa.1994).

The Tenth Circuit has not directly adopted a heightened pleading standard for § 1983 cases. In a case decided prior to *Leatherman,* the Tenth Circuit required some additional specificity in a § 1983 action against a governmental official in his individual capacity. *See Sawyer v. County of Creek,* 908 F.2d 663, 665–66 (10th Cir.1990). In *Sawyer,* the Tenth Circuit required the plaintiff to provide factual allegations which demonstrate that the right in question in the § 1983 action was clearly established at the time of the defendant's conduct. *Id.* at 666. The court explained as follows:

> The plaintiff cannot meet this burden merely by identifying a clearly established right and then alleging that the defendant has violated it. The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.

*Id.*

Most of the arguments of the defendants on the sufficiency of the plaintiff's complaint have significance only if a heightened pleading standard is required. Some have little importance even if a heightened pleading standard is adopted.[1] This court is not persuaded that the heightened pleading standard has any application in § 1983 actions for the reasons stated in *Leatherman.* However, since *Leatherman* did not address the

---

1. Many of the issues raised by the defendants will ultimately become important in this case. For example, the court may have to consider such issues as the liability of the school district, the liability of Lignitz, and whether plaintiff's speech is protected under the First Amendment. These matters, however, are better resolved on a motion for summary judgment.

qualified immunity issue, the court shall continue to apply the requirements of *Sawyer*.[2]

A motion to dismiss under Fed. R.Civ.P. 12(b)(6) tests the sufficiency of the complaint. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A court must determine whether the party making the claim would be entitled to relief under any set of facts that could be established to support his or her claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984). In reviewing a motion to dismiss, all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party. *Meade v. Grubbs*, 841 F.2d 1512, 1526 (10th Cir.1988). All a plaintiff must do in his or her complaint is give a "short and plain statement of the claim that will give each defendant fair notice of what plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47, 78 S.Ct. at 103.

Based upon aforementioned discussion, we generally reject most of the contentions raised by the defendants. Except for the requirements established by *Sawyer*, plaintiff need only meet the general requirements for pleading established by the Federal Rules of Civil Procedure. The court is convinced that plaintiff has sufficiently alleged that she was nonrenewed from her position as a bus driver with the defendant school district because she complained to her supervisor about overcrowding on the school buses. The court is further convinced that plaintiff has adequately alleged that defendant Lignitz' actions violated her clearly established First Amendment right not to be terminated because she spoke out on a matter of public concern.[3] Accordingly, the court finds that the plaintiff has sufficiently

alleged a claim under § 1983 for a violation of her rights under the First Amendment. *See, e.g., Holder v. City of Allentown*, 987 F.2d 188, 194–96 (3d Cir.1993).

The court can consider the final two arguments in brief fashion. The defendants somehow suggest that they are immune from liability under § 1983 because they are immune from tort liability under the Kansas Tort Claims Act. The court is at a loss to understand this argument. The law is clear that immunity provided by the Kansas Tort Claims Act does not insulate the defendants from liability under § 1983.[4]

The third and final argument of the defendants is that the plaintiff's complaint must be dismissed because she failed to file a claim with the school district pursuant to K.S.A. 12–105b prior to bringing this lawsuit. The simple answer is that a plaintiff is not required to comply with K.S.A. 12–105b prior to bringing a § 1983 action. *See Patsy v. Florida Board of Regents*, 457 U.S. 496, 516, 102 S.Ct. 2557, 2568, 73 L.Ed.2d 172 (1982) (exhaustion of state administrative remedies is not a prerequisite to an action under § 1983); *Gates v. U.S.D. No. 449*, No. 91–2074-0, 1992 WL 131860, 1992 U.S.Dist. LEXIS 6418 (D.Kan.1992) (notice requirements of K.S.A. 12–105b not applicable to § 1983 claim). Accordingly, defendants' motion for judgment on the pleadings is hereby denied.

**IT IS THEREFORE ORDERED** that defendants' motion for judgment on the pleadings (Doc. # 11) be hereby denied.

. IT IS SO ORDERED.

---

**2.** At least one district court in the Tenth Circuit has determined that *Leatherman* effectively overrules the heightened pleading requirement of *Sawyer*. *See Gardetto v. Mason*, 854 F.Supp. 1520, 1529 n. 4 (D.Wyo.1994). Until the Tenth Circuit recognizes the teachings of *Leatherman*, we shall continue to follow *Sawyer*.

**3.** In reaching this conclusion, we note specifically that defendant Lignitz has indicated in the instant motion that he is not raising the defense of qualified immunity at this time. *See* Defendants' Memorandum Brief in Support of Their

Motion for Judgment on the Pleadings at p. 18 (11/23/94). The court declines to address this issue in any more detail at this time in light of this admission.

**4.** The defendants recognize this proposition of law in their brief, but suggest that their immunity under state law supports their position that the plaintiff has failed to state a claim under § 1983. The court again expresses puzzlement concerning this argument.