**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 15 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TERESA L. JOHNSTON,

  Plaintiff-Appellant,

v.

ARDMORE INDEPENDENT
SCHOOL DISTRICT NO. 19,
a Political Subdivision; ROBERT
"BOB" HAYNES, an Individual,

  Defendants-Appellees.

No. 97-7117
(D.C. No. 97-CV-218-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BARRETT**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Teresa L. Johnston appeals from the district court's order granting summary judgment in favor of the defendants, Ardmore Independent School District No. 19 and Robert Haynes. We affirm.

In 1995, plaintiff was a high school science teacher employed by the defendant school district. In January, 1995, she also began teaching science in the school's alternative education program, known as "Take Two," on Wednesday evenings. On March 9, 1995, Johnston was assaulted by a student during the performance of her duties at the high school. She was injured and filed a workers compensation claim. On April 13, 1995, plaintiff was informed that, because of dwindling enrollment, her Take Two teaching assignment had been discontinued and her class would be combined with another. Plaintiff continued her employment in her job as daytime science teacher, and she teaches in the school district today.

Plaintiff filed, then dismissed, a state court lawsuit claiming she was discharged from her Take Two teaching assignment in retaliation for filing the workers compensation claim. She then filed suit in federal court alleging state and federal due process violations; breach of contract; violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (FLSA); violations of state wage and labor laws; and retaliatory discharge. However, the pretrial order set forth plaintiff's claims as breach of contract of employment; retaliatory discharge under

Okla. Stat. tit. 85, § 5, and retaliation prohibited by the FLSA; and violation of state and FLSA wage and labor laws.

Because the pretrial order did not list a civil rights or Fourteenth Amendment claim based on due process violations, the district court concluded that plaintiff had not specified any federal due process claims, nor had she pled such a cause of action upon which relief could be granted. The only federal question was her allegation of FLSA violations, as to which the district court granted summary judgment. Finally, because there was no basis other than the FLSA claims for federal jurisdiction, the district court declined to exercise supplemental jurisdiction over plaintiff's pendent state law claims.

## I. Federal Due Process Claim

Plaintiff first argues the district court erred in holding that she had not specified a civil rights or Fourteenth Amendment due process claim upon which relief could be granted. Plaintiff's complaint included a brief, conclusory assertion that defendants violated her federal due process rights. However, the pretrial order did not include any federal due process cause of action in its listing of claims, and defendants did not address, nor did plaintiff assert, any federal due process claim in the summary judgment motions filed after the pretrial order.

A pretrial order supersedes the complaint and controls the subsequent course of litigation. See Franklin v. United States, 992 F.2d 1492, 1497 (10th

Cir. 1993); see also Fed. R. Civ. P. 16(e). Plaintiff's opening brief on appeal did not dispute the district court's finding that the pretrial order did not include a federal due process claim. Although plaintiff argues in her appellate reply brief that certain statements in the pretrial order could be construed to state a federal due process claim, issues raised for the first time in a reply brief will generally not be considered. See Zimmerman v. Sloss Equip., Inc., 72 F.3d 822, 830 (10th Cir. 1995). Plaintiff's arguments on this point do not compel us to abandon that rule here. We agree with the district court's conclusion that the pretrial order did not include any federal civil rights or Fourteenth Amendment claim based on due process violations.

## II. Summary Judgment Dismissal of the FLSA Claims

The district court found that the only FLSA provision applicable to the facts pled by plaintiff was a claim for FLSA retaliation under 29 U.S.C. § 215(a)(3), which makes it unlawful for an employer to discriminate against an employee because she has filed a complaint or instituted any proceeding under the FLSA. The district court held that plaintiff had not established a FLSA § 215(a)(3) retaliation claim because she had not filed a complaint or proceeding under the FLSA at any time prior to the alleged retaliation.

### A. FLSA Wage Claim

Plaintiff contends that the district court erred in dismissing her FLSA claim because, in addition to her claim that defendants retaliated against her in violation of the FLSA, she also alleged that defendants failed to properly pay her and account for her leave in violation of the FLSA. In their motion for summary judgment, defendants conceded that they initially did not properly pay plaintiff or account for her leave following her assault in March 1995, but they presented evidence demonstrating that they subsequently fully reimbursed plaintiff and that she had received all the pay to which she was entitled.

In response, plaintiff made only a conclusory allegation that defendants did not properly pay her for her Take Two teaching assignment and that such failure constituted violations of the FLSA. See Appellant's App. at 213. Plaintiff did not specify the FLSA wage requirements she claimed had been violated. Plaintiff agreed that defendants "did reimburse [her] leave days and salary and they did pay for her Take Two salary before she was fired," but added only that defendants "did not pay her correctly." Id. at 209. Her brief does not explain how defendants failed to pay her correctly. The evidence plaintiff cites for this allegation consists of the letter she sent to defendants about her pay prior to the reimbursement and the allegations in her affidavit that she was improperly paid prior to the reimbursement and "still [has] not been properly reimbursed for docked days or salary." Id. at 224-25, 283. This evidence is insufficient to refute

defendants' evidence that, following the reimbursement, plaintiff received all the pay to which she was entitled.

If the party moving for summary judgment carries its burden of showing that there is an absence of evidence to support the nonmoving party's case, "the non-movant may not rest upon [her] pleadings, but must set forth specific facts showing a genuine issue for trial as to those dispositive matters for which [she] carries the burden of proof." Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996) (quotation omitted; emphasis added). Although the district court did not address plaintiff's claim that defendants violated the FLSA's wage requirements, it is clear that plaintiff failed to set forth any specific facts demonstrating that defendants' reimbursement was improper or that defendants otherwise violated the FLSA's wage requirements. See Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995) ("[t]o survive summary judgment, 'non-movant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient'"). Accordingly, we find no error in the district court's summary judgment dismissal of her FLSA wage claim. See Medina v. City & County of Denver, 960 F.2d 1493, 1495 n.1 (10th Cir. 1992) (appellate court may "affirm a district court decision on any grounds for which there is a record sufficient to

permit conclusions of law, even grounds not relied upon by the district court")
(quotation omitted).

### B. FLSA Retaliation Claim

Plaintiff contends that the district court erred in holding that plaintiff had
not filed a complaint or instituted any proceeding under the FLSA, a prerequisite
to liability under § 215(a)(3) retaliation claim. She asserts that her complaints to
the school that it had not properly paid her or accounted for her leave following
her assault constituted her FLSA complaints.

Plaintiff's FLSA retaliation claim before the district court focused on her
allegation that defendants failed to properly pay her and account for her leave in
retaliation for her workers compensation claim and state lawsuit. See Appellant's
App. at 210-13. Plaintiff does not dispute the district court's conclusion that
neither the filing of the workers compensation claim nor the state court action
constituted a complaint or proceeding asserting violations of the FLSA.

Plaintiff points to a single statement in her motion opposing summary
judgment that she was "making claims pursuant to the provisions of the FLSA for
her wages and leave claims and for the retaliation she has experienced since she
made those claims in 1995." Id. at 213. Plaintiff's wage complaints in 1995 may
be sufficient to constitute protected activity under § 215(a)(3). See Conner v.
Schnuck Mkts., Inc., 121 F.3d 1390, 1394 (10th Cir. 1997) (the "'unofficial

-7-

assertion of rights through complaints at work' is protected" under § 215(a)(3)). However, plaintiff's conclusory statement that defendants retaliated against her for her wage complaints is unsupported by any evidence.

The only retaliatory action that plaintiff arguably linked to her wage complaints was her allegation that defendants did not pay her properly during the 1995-96 and 1996-97 school years. See Appellant's App. at 212.[1] The evidence in the record that plaintiff cites to in support of this allegation consists of letters from her doctors explaining her medical status, a letter she sent to the school requesting several hours of sick time in September 1996, and her conclusory statement in her affidavit that she "still [has] not been properly reimbursed for docked days or salary." Id. at 193, 211-13, 225, 263-268, 303-05, 306. "The conclusory allegations in [p]laintiff's [affidavit], are of as little help in carrying her burden under Rule 56(e) as are the conclusory arguments in her brief." Adler v. Wal-Mart Stores, Inc., No. 97-1026, 1998 WL 247700, at *4 (10th Cir. May 18,

---

[1]     Plaintiff also argues, for the first time on appeal, that defendants' failure to call her for an interview when a Take Two teaching position opened up two years later constitutes continued retaliation for her FLSA wage complaints. Plaintiff did not link this action to her wage complaints in her arguments to the district court, see Tele- Communications, Inc. v. Commissioner, 12 F.3d 1005, 1007 (10th Cir. 1993) (as a general rule, an appellate court will not consider an issue raised for the first time on appeal), nor would such action be sufficient to justify an inference of causation; see Conner, 121 F.3d at 1395 (four-month time lag between participation in protected activity and termination not sufficient to justify inference of causation).

1998). The doctors' notes and the letter to the school demonstrate nothing, in the absence of some evidence that the defendants inappropriately disallowed plaintiff sick leave; nor would an inappropriate denial of sick leave in September 1996 be sufficient to justify an inference of causation between such denial and her wage complaints in 1995. See Conner, 121 F.3d at 1395 (four-month time lag between participation in protected activity and termination not sufficient to justify inference of causation). Because plaintiff failed to present sufficient evidence demonstrating that defendants retaliated against her for engaging in protected activity, we affirm the district court's summary judgment dismissal of plaintiff's FLSA claims.

### III.

Plaintiff contends the district court erred in dismissing her state claims. In reviewing a district court's decision whether to exercise supplemental jurisdiction over state law claims, we apply an abuse of discretion standard. See Anglemyer v. Hamilton County Hosp., 58 F.3d 533, 541 (10th Cir. 1995). Judicial economy, fairness, convenience, and comity are all considerations that will guide a district court's decision to defer to a state court rather than retaining and disposing of state law claims itself. See, e.g., United Mine Workers v. Gibbs, 383 U.S. 715, 726-27 (1966); Sawyer v. County of Creek, 908 F.2d 663, 668 (10th Cir. 1990); see also 28 U.S.C. § 1367. We have held that when federal claims are resolved

prior to trial, the district court should usually decline to exercise jurisdiction over state law claims and allow the plaintiff to pursue them in state court. See Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995). Having disposed of the federal claims on which jurisdiction rested, the district court did not abuse its discretion in dismissing the state law claims. See § 1367(c)(3) (stating that when all federal claims are dismissed, district court may decline to exercise jurisdiction over remaining state claims).

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

James E. Barrett
Senior Circuit Judge

-10-